OPINION OF THE COURT

Per Curiam.

Order dated September 21, 1978 (Preminger, J.) reversed, on the law, complaints reinstated, and cases remanded to the Criminal Court, Bronx County, for further proceedings.
In this prosecution for theft of electrical services, the Criminal Court granted defendants’ motion to dismiss upon the ground that the evidentiary presumption con-
*326 tained in subdivision 6 of section 165.15 of the Penal Law is unconstitutional (People v Thomas, 95 Misc 2d 289). The presumption permits, but does not require, the trier of the facts to find that a consumer who has accepted or received the use and benefit of diverted or unmetered service has done so with knowledge of that condition. Inasmuch as the inference is permissive in nature — that is, one which the factfinder is free to reject even if not rebutted — its constitutional application is to be evaluated upon the basis of an entire record (Ulster County Ct. v Allen, 442 US 140, 157-163). In most cases, the “rational connection” standard remains the test for determining the validity of permissive presumptions and, as recognized below, the rationality of the instant presumption has been consistently upheld (Eff-Ess, Inc. v New York Edison Co., 237 App Div 315; People v Robinson, 97 Misc 2d 47). It is only when the prosecution relies entirely upon the presumption to establish proof of the crime charged or an essential element thereof that it must be demonstrated that the basic fact proved (i.e., receipt of diverted service) supports the presumed fact (i.e., knowledge of such condition) beyond a reasonable doubt (Ulster County Ct. v Allen, supra, pp 165-167). Application of the appropriate standard may only be determined at trial, after the People have had the opportunity to present their proof; in the absence of a factual record, a constitutional challenge is premature (People v Neiss, 73 AD2d 938). Nor are we prepared to categorically state, as a matter of law, that it may never be presumed beyond a reasonable doubt that a person who has received electricity through a tampered or altered meter received that benefit knowingly. There are circumstances in which a jury could conceivably infer guilt beyond reasonable doubt upon the basis of the evidence, direct and circumstantial, before it (see Schlichting, Constitutionality of Statute Covering Meter-Tampering, NYU, Aug. 24, 1978, p 1, col 2).
Concur: Dudley, P. J., Hughes and Asch, JJ.