Docket No. 96784–Agenda 6–May 2004.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. TREMAIN FUNCHES, Appellee.

Opinion filed October 7, 2004.

JUSTICE FREEMAN delivered the opinion of the court:

Section 4–103.2(b) of the Illinois Vehicle Code (Code) incorporates an inference that a person who exercises the exclusive, unexplained possession of a stolen vehicle has knowledge that the vehicle is stolen. 625 ILCS 5/4–103.2(b) (West 2002) (incorporating 625 ILCS 5/4–103(a)(1) (West 2002)). In 
People v. Greco
, 204 Ill. 2d 400 (2003), we held that application of this inference to “special mobile equipment,” as defined by the Code, violated due process and, therefore, was unconstitutional. 
Greco
, 204 Ill. 2d at 411-15. However, we “express[ed] no opinion with regard to the constitutionality of the permissive inference in the context of other vehicles as defined under the Code.” 
Greco
, 204 Ill. 2d at 414.

In this case, the proper question presented for review is whether this inference violates due process as applied to this particular defendant in the context of his charged crime. We hold that defendant has not established a constitutional violation.

BACKGROUND

Sworn statements of two Decatur police officers contain the following allegations. On the afternoon of January 2, 2003, defendant, Tremain Funches (a/k/a Tremain Parker), entered a drug store purportedly to make a purchase. Katrina Fisher, a sales clerk, went to the rear of the store to get help. Defendant walked behind the counter, opened a drawer, and took a post office deposit bag that contained over $300 in cash. Scott Finch, a pharmacist, chased defendant from the store and maintained pursuit.

In flight, defendant encountered an automobile with the engine running parked in a driveway. Defendant entered the automobile, backed out of the driveway, and sped forward. Rose Miller, the owner of the automobile, did not give anyone permission to take her vehicle. Driving the car, defendant struck Finch, who fell onto the hood of the car and rolled off.

Decatur police officers were alerted to the theft of the money and of the car. Police were also given a description of the car with its license plate number. En route to the drug store, police officers observed the stolen automobile. They activated their lights and sirens, but defendant refused to stop. Defendant engaged in a dangerous, high-speed flight from police. He finally wrecked the car at the end of a dead-end street. Defendant was taken into custody. The deposit bag was found with defendant. Finch and another witness, Seanna Little, were transported to the arrest scene, where they identified defendant as the person who stole the deposit bag and the car.

A four-count information was brought against defendant in the circuit court of Macon County. Defendant was charged with one count each of theft of the money and of the automobile (720 ILCS 5/16–1(a)(1)(A) (West 2002)); one count of attempted first degree murder of Finch (720 ILCS 5/8–4(a), 9–1(a)(1) (West 2002)); and one count of aggravated unlawful failure to obey a peace officer’s order to stop (625 ILCS 5/4–103.2(a)(7)(A) (West 2002)).

Section 4–103.2(a)(7)(A) of the Code establishes a violation for a person “who is the driver or operator of a vehicle and is not entitled to the possession of that vehicle 
and who knows the vehicle is stolen or converted
,” who has been given a signal by a peace officer directing the driver to stop the vehicle, to wilfully fail or refuse to obey such direction, increase speed, extinguish the vehicle’s lights, or otherwise flee or attempt to elude the officer. (Emphasis added.) 625 ILCS 5/4–103.2(a)(7)(A) (West 2002). Section 4–103.2(b) incorporates a permissive inference contained in section 4–103(a)(1). Pursuant to that section, it may be inferred that a person who exercises the exclusive unexplained possession of a stolen vehicle has knowledge that the vehicle is stolen, regardless of whether the date when the vehicle was stolen is recent or remote. 625 ILCS 5/4–103.2(a)(1) (West 2002).

Prior to trial, defendant filed an amended motion to dismiss count I of the information, 
i.e.
, the charge of aggravated failure to obey the police order to stop. Defendant contended that section 4–103.2(a)(7)(A) of the Code is unconstitutional “in that it violates the proportionate penalties clause of the Constitution of the State of Illinois, and the equal protection, due process and cruel and unusual punishment clauses of the State and Federal constitutions.” Defendant cited other Code sections that establish offenses for failing to obey a peace officer’s signal to stop. See 625 ILCS 5/11–204, 11–204.1 (West 2002). Defendant argued that section 4–103.2(a)(7)(A) violates due process because the circumstance that a vehicle was stolen is not a rational basis to establish a separate antiflight offense. Defendant also argued that section 4–103.2(a)(7)(A) is unconstitutionally disproportionate because it punishes the failure to stop while driving a stolen vehicle more severely than the failure to stop under more dangerous conditions, but while driving a vehicle that is not stolen.

The circuit court mailed to the parties the following record sheet entry:

“1. In Count I, the Defendant is charged with a violation of 625 ILCS 5/4–103.2(a)(7)(A).

2. Subsection (b) of that statute expressly provides that the inference set forth in 625 ILCS 5/4–103(a)(1) shall apply to the offenses set out in subsection (a) of 625 ILCS 5/4–103.2.

3. The Defendant has standing because he is in immediate danger of being subjected to the permissive inference.

4. The permissive inference violates due process by removing the requirement that a vehicle be recently stolen in order for possession of it to give rise to an inference that the possessor knows that the vehicle was stolen. See PEOPLE V. HOUSBY, 84 Ill. 2d 420.

5. The statute under which the Defendant has been charged in Count I is unconstitutional.

For these reasons, the Amended Motion to Dismiss Count I of the Information is allowed. Count I is dismissed.”

The State filed a motion to reconsider, stating “[t]hat 
People v. Housby
, 84 Ill. 2d 415, doesn’t appear to address the issues that were presented in the defendant’s Amended Motion to Dismiss.”

At the hearing on the State’s motion to reconsider, the circuit court allowed defendant to file a second amended motion to dismiss count I, which included an additional allegation reflecting the circuit court’s finding of a due process violation. The circuit court denied the State’s motion to reconsider.

The State appeals directly to this court. 134 Ill. 2d R. 603. Additional pertinent background will be discussed in the context of our analysis of the issues. We now reverse the order of the circuit court and remand the cause to that court for further proceedings.

ANALYSIS

All statutes are presumed to be constitutional. The party challenging the constitutionality of a statute bears the burden of rebutting this presumption and clearly establishing a constitutional violation. If reasonably possible, a court must construe a statute so as to affirm the statute’s constitutionality and validity. 
Greco
, 204 Ill. 2d at 406; 
In re R.C.
, 195 Ill. 2d 291, 296 (2001). As the issue is one of law, this court reviews 
de novo
 any decision holding that a statute is unconstitutional. 
R.C.
, 195 Ill. 2d at 296.

In this case, the circuit court, 
sua sponte
, declared that section 4–103.2(b) of the Code, incorporating section 4–103(a)(1), is unconstitutional on its face. The State assigns error to the circuit court’s finding of facial unconstitutionality and contends that section 4–103.2(b) does not violate due process as applied to this particular defendant.

In this case, the circuit court concluded, 
sua sponte
, that section 4–103.2(b), incorporating section 4–103(a)(1), is facially unconstitutional based on abstract legal reasoning and without consideration of any evidence. Whether the circuit court could assess the statute’s validity in this manner depends on the type of evidentiary device involved here. See 
County Court v. Allen
, 442 U.S. 140, 155-56, 60 L. Ed. 2d 777, 791, 99 S. Ct. 2213, 2223-24 (1979).

This case involves an evidentiary inference. “While the words 
inference
 and 
presumption
 are sometimes used interchangeably, they are by no means the same thing.” (Emphases in original.) M. Graham, Cleary & Graham’s Handbook of Illinois Evidence §302.2, at 81 (8th ed. 2004); accord 1 R. Steigmann, Illinois Evidence Manual §3:01, at 66 (3d ed. 1995).

An inference is a factual conclusion that can rationally be drawn by considering other facts. Thus, an inference is merely a deduction that the fact finder may draw in its discretion, but is not required to draw as a matter of law. M. Graham, Cleary & Graham’s Handbook of Illinois Evidence §302.2, at 81 (8th ed. 2004); 1 C. Fishman, Jones on Evidence §4:1, at 299-300 (7th ed. 1992). The fact finder is free to accept or reject the suggested inference; no burden is placed on the defendant. 
Allen
, 442 U.S. at 157, 60 L. Ed. 2d at 792, 99 S. Ct. at 2224; 
People v. Watts
, 181 Ill. 2d 133, 142 (1998); see 
People v. Frazier
, 123 Ill. App. 3d 563, 572 (1984). “Inferences are by their nature permissive, not mandatory.” 1 C. Fishman, Jones on Evidence §4:1, at 299 (7th ed. 1992).

In contrast, a presumption is a rule of law that requires the fact finder to take as established the existence of a fact, 
i.e.
, the presumed fact, after certain other facts, 
i.e.
, basic facts, have been established, unless sufficient evidence is introduced tending to rebut the presumed fact. M. Graham, Cleary & Graham’s Handbook of Illinois Evidence §302.1, at 79 (8th ed. 2004); 1 R. Steigmann, Illinois Evidence Manual §3:01, at 65-66 (3d ed. 1995); 1 C. Fishman, Jones on Evidence §4:2, at 301-02 (7th ed. 1992).

In this case, section 4–103(a)(1) of the Code provides that it is a crime for:

“(1) A person not entitled to the possession of a vehicle or essential part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted; 
additionally the General Assembly finds that the acquisition and disposition of vehicles and their essential parts are strictly controlled by law and that such acquisitions and dispositions are reflected by documents of title, uniform invoices, rental contracts, leasing agreements and bills of sale. It may be inferred, therefore
[,]
 that a person exercising exclusive unexplained possession over a stolen or converted vehicle or an essential part of a stolen or converted vehicle has knowledge that such vehicle or essential part is stolen or converted, regardless of whether the date on which such vehicle or essential part was stolen is recent or remote
[.]” (Emphasis added.) 625 ILCS 5/4–103(a)(1) (West 2002).

Illinois courts have consistently, and correctly, viewed section 4–103(a)(1) as merely an evidentiary inference. See, 
e.g.
, 
Greco
, 204 Ill. 2d at 405; 
People v. Jones
, 203 Ill. App. 3d 22, 25-26 (1990); 
People v. Ward
, 194 Ill. App. 3d 229, 234-36 (1990); 
People v. Gentry
, 192 Ill. App. 3d 774, 778 (1989); 
People v. Hall
, 187 Ill. App. 3d 1084, 1087 (1989).

Inferences are essential to the expeditious resolution of factual questions and are a staple of our adversary system of fact-finding. 
Watts
, 181 Ill. 2d at 143 (and cases cited therein). Within constitutional limitations, the legislature may create statutory inferences and presumptions in civil cases and criminal prosecutions. 
People v. Beck
, 305 Ill. 593, 600-01 (1922) (collecting cases); accord 
Garcia v. People
, 121 Colo. 130, 134, 213 P.2d 387, 389 (1949) (collecting authorities); 29 Am. Jur. 2d 
Evidence
 §7, at 64 (1994).

In a criminal prosecution, however, the due process clause of the fourteenth amendment protects the defendant against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which the defendant is charged. 
In re Winship
, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 375, 90 S. Ct. 1068, 1073 (1970); see 
Watts
, 181 Ill. 2d at 143. Therefore, “ ‘the due process clauses of the Fifth and Fourteenth Amendments set limits upon the power of Congress or that of a state legislature to make the proof of one fact or group of facts evidence of the existence of the ultimate fact on which guilt is predicated.’ ” 
Watts
, 181 Ill. 2d at 143, quoting 
Tot v. United States
, 319 U.S. 463, 467, 87 L. Ed. 1519, 1524, 63 S. Ct. 1241, 1245 (1943). An evidentiary device, such as an inference, “must not undermine the factfinder’s responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt.” 
Allen
, 442 U.S. at 156, 60 L. Ed. 2d at 791, 99 S. Ct. at 2224; see 
People v. Hester
, 131 Ill. 2d 91, 98-99 (1989).

An inference does not violate due process guarantees where three conditions are satisfied: (1) there must be a rational connection between the basic fact and the presumed fact; (2) the presumed fact must be more likely than not to flow from the basic fact; and (3) the inference must be supported by corroborating evidence of guilt. If there is no corroborating evidence, the leap from the basic fact to the presumed element must still be proved beyond a reasonable doubt. 
Hester
, 131 Ill. 2d at 100 (and cases cited therein); 
People v. Housby
, 84 Ill. 2d 415, 421 (1981), citing 
Allen
, 442 U.S. at 165-67, 60 L. Ed. 2d at 797-98, 99 S. Ct. at 2228-30.

Importantly, and central to this appeal, the party challenging the constitutionality of an inference must demonstrate its invalidity not in the abstract, but as applied to that party. 
Allen
, 442 U.S. at 157, 60 L. Ed. 2d at 792, 99 S. Ct. at 2224. A court must determine the constitutionality of an inference not “on its face,” but only as applied to the particular defendant within the context of all the evidence in the record. 
Allen
, 442 U.S. at 160-63, 60 L. Ed. 2d at 794-95, 99 S. Ct. at 2226-27; see, 
e.g.
, 
United States v. Gainey
, 380 U.S. 63, 67, 13 L. Ed. 2d 658, 662, 85 S. Ct. 754, 757 (1965) (observing that the rationality of an inference must be viewed in the context of the substantive offense it supports).

In this case, the circuit court, citing 
Housby
, declared 
sua sponte
 that the inference incorporated in section 4–103.2(b) “violates due process by removing the requirement that a vehicle be 
recently
 stolen in order for possession of it to give rise to an inference that the possessor knows that the vehicle was stolen.” (Emphasis added.) In 
Housby
, this court assessed the constitutionality of the common law inference that a defendant’s 
recent
 and exclusive possession of stolen property, without reasonable explanation, gives rise to an inference that the possessor wrongfully took the property. 
Housby
, 84 Ill. 2d at 422-23; see generally 
Barnes v. United States
, 412 U.S. 837, 843-44, 37 L. Ed. 2d 380, 386-87, 93 S. Ct. 2357, 2362 (1973); 1 R. Steigmann, Illinois Evidence Manual §3:54 (3d ed. 1995).

The recency element in the common law inference affords an accepted basis for an inference of guilt on the part of the possessor. If the possession is not recent, the elapse of time affords a continuing opportunity for the stolen goods to pass through other hands, thereby decreasing the value of the inference. 
People v. Bullion
, 299 Ill. 208, 213 (1921). “[I]n determining recency of possession, time is not the only element to be considered, but attention must also be given to the circumstances and character of the goods, their salability, and whether they are cumbersome or easily portable.” 
People v. Litberg
, 413 Ill. 132, 138 (1952); see generally 52B C.J.S. 
Larceny
 §115 (2003); 50 Am. Jur. 2d 
Larceny
 §168 (1995); Annotation, 
What Constitutes “Recently” Stolen Property Within Rule Inferring Guilt From Unexplained Possession of Such Property
, 89 A.L.R.3d 1202 (1979).

At the hearing on the State’s motion to reconsider, the circuit court stated: “The problem with this statute is that the [inference] is not limited in time to recent possession of an alleged stolen object, and that’s why 
Housby
 was mentioned in the [circuit court’s] ruling.” However, the 
Housby
 court determined that the common law inference met the above-stated constitutional requirements only as applied to that particular defendant in the context of that case. 
Housby
, 84 Ill. 2d at 424-31.

Also, at the hearing on the State’s motion to reconsider, the circuit court invoked our recent decision in 
Greco
 in support of its ruling. In 
Greco
, we held that the inference at issue in this case, section 4–103.2(b) incorporating section 4–103(a)(1), violated due process as applied to a charge of aggravated unlawful possession of special mobile equipment (625 ILCS 5/4–103.2(a)(5) (West 2000)). We explained as follows:

“Plainly put, there is no substantial assurance that a person with unexplained possession of a piece of special mobile equipment stolen, for example 10 years ago, more likely than not has knowledge that the piece of equipment was stolen. In other words, by removing the recency requirement of the permissive inference as currently embodied in section 4–103.2(b), the legislature has dramatically weakened the probability that the inference will be correct 
with regard to special mobile equipment.
 The State concedes that the acquisition and transfer of special mobile equipment is not subject to the strict control and documentation requirements that attends the conveyance of other vehicles. 
We, accordingly, express no opinion with regard to the constitutionality of the permissive inference in the context of other vehicles as defined under the Code.
 See, 
e.g.
, 
People v. Gentry
, 192 Ill. App. 3d 774 (1989); 
People v. Ferguson
, 204 Ill. App. 3d 146 (1990) (the permissive inference did not violate due process in relation to a motor vehicle). The 
Gentry
 court specifically relied on the legislative finding that the transfer of motor vehicles is strictly documented and controlled by law. 
Gentry
, 192 Ill. App. 3d at 778-79.” (Emphases added.) 
Greco
, 204 Ill. 2d at 414.

The circuit court’s reliance on 
Greco
 was clearly misplaced. 

In 
Greco
, we expressly limited our constitutional assessment to the particular crime charged, 
i.e.
, aggravated unlawful possession of special mobile equipment. Further, the record in 
Greco
 did not otherwise provide the necessary substantial assurance that the defendant, in possession of a “Case Wheeled Loader Model 1845C” (
Greco
, 204 Ill. 2d at 406), knew that the piece of equipment was stolen. See, 
e.g.
, 
Turner v. United States
, 396 U.S. 398, 405-19, 24 L. Ed. 2d 610, 617-25, 90 S. Ct. 642, 646-54 (1970) (approving statutory inference of knowing possession of illegally imported narcotic drugs in the context of a heroin conviction, but holding inference invalid in the context of a cocaine conviction). Also, we expressly noted that our appellate court had concluded in several cases that this inference did not violate due process in relation to motor vehicles. See 
Greco
, 204 Ill. 2d at 414.

The constitutionality of section 4–103.2(b), incorporating section 4–103(a)(1), can be tested only as applied to this particular defendant, under this particular charge, in light of this particular record. The record in this case includes only the police reports of the arresting officers, whose allegations have not yet been subjected to adversarial testing, the criminal information, defendant’s pretrial motion to dismiss count I, and the circuit court’s orders. The circuit court invalidated section 4–103.2(b) without consideration of the legislative finding in section 4–103(a)(1) and without consideration of any evidence.

A party has standing to challenge the constitutionality of a statute only insofar as it adversely impacts his or her own rights. Generally, if there is no constitutional defect in the application of the statute to a litigant, that person does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations. 
Allen
, 442 U.S. at 154-55, 60 L. Ed. 2d at 790, 99 S. Ct. at 2223. Defendant had the responsibility to establish a constitutional violation. See 
R.C.
, 195 Ill. 2d at 296. At this juncture, defendant has failed to demonstrate that the inference incorporated in section 4–103.2(b) violates due process as applied to him. Indeed, regardless of the removal of the recency requirement, it will be difficult for defendant to establish, under the facts of this case, that there is no rational way the trier of fact could make the connection permitted by the inference. Based upon the sworn statements of the police officers, there is no question that defendant’s possession of the vehicle in this case was recent. Therefore, the circuit court erred in holding section 4–103.2(b) unconstitutional on its face. See, 
e.g.
, 
Allen
, 442 U.S. at 162-63, 60 L. Ed. 2d at 795, 99 S. Ct. at 2227; 
State v. Hudson
, 247 Ga. 36, 38, 273 S.E.2d 616, 618 (1981); 
People v. Thomas
, 107 Misc. 2d 325, 326, 433 N.Y.S.2d 973, 974 (App. Term. 1980).

CONCLUSION

For the foregoing reasons, the order of the circuit court of Macon County, which declared unconstitutional section 4–103.2(b) of the Vehicle Code, incorporating section 4–103(a)(1) of the Code, and which dismissed count I of the information
,
 is reversed, and the cause is remanded to the circuit court for further proceedings.

Circuit court order reversed;

cause remanded.