(No. 98621.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JESSICA C. DINELLI, Appellee.

*Opinion filed December 15, 2005.*

Lisa Madigan, Attorney General, of Springfield, and Joseph E. Birkett, State's Attorney, of Wheaton (Gary Feinerman, Solicitor General, and Linda D. Woloshin and David H. Iskowich, Assistant Attorneys General, of Chicago, of counsel), for the People.

George Patrick Lynch, of Lisle, for appellee.

JUSTICE KILBRIDE delivered the opinion of the court:

In this appeal we are asked to review the constitutionality of section 4—103(a)(1) of the Illinois Vehicle Code (Code) (625 ILCS 5/4—103(a)(1) (West 2000)). Section 4—103(a)(1) provides the trier of fact may infer that a person exercising exclusive unexplained possession over a stolen vehicle has knowledge the vehicle is stolen, regardless of when it was stolen. 625 ILCS 5/4—103(a)(1) (West 2000).

Defendant was charged in Du Page County with unlawful possession of a stolen motor vehicle and unlawful possession of a converted motor vehicle, in violation of section 4—103(a)(1). The State dismissed the conversion count and defendant pleaded guilty to unlawful possession of a stolen motor vehicle. Defendant subsequently sought to withdraw her guilty plea and challenged the constitutionality of section 4—103(a)(1). Defendant also argued the Du Page County charge should be dismissed based on double jeopardy because she had also pleaded guilty to criminal trespass to the same vehicle in Cook County, and the unlawful possession of a stolen motor vehicle charge in Du Page County was the same continuing transaction.

The Du Page County circuit court allowed defendant to withdraw her guilty plea and denied her motion to dismiss based on double jeopardy. The circuit court then dismissed the unlawful possession of a stolen motor vehicle charge, finding the permissive inference of section 4—103(a)(1) unconstitutional based on this court's decision in *People v. Greco*, 204 Ill. 2d 400 (2003). The State appealed pursuant to Supreme Court Rules 603 and 604(a)(1) (134 Ill. 2d R. 603; 188 Ill. 2d R. 604(a)(1)).

We hold the circuit court prematurely held the statute unconstitutional as applied to defendant and it was error to dismiss the indictment on that ground. We further

hold that defendant's claim of double jeopardy does not support the circuit court's ruling dismissing the indictment. Consequently, we reverse that part of the order of the circuit court of Du Page County dismissing the indictment and remand for further proceedings. Because the State does not dispute the propriety of the circuit court allowing defendant to withdraw her guilty plea, we therefore affirm that ruling.

## I. BACKGROUND

Initially, we are compelled to remark upon the extremely confusing and perplexing facts, pleadings, transcripts, and record in this case. The following background best details the trials and tribulations befalling this obviously troubled young woman who apparently suffers from psychiatric and eating disorders and a heroin addiction.

Defendant's troubles began on March 24, 2002, in Cook County when a verified complaint charged her with criminal trespass to a vehicle (720 ILCS 5/21—2 (West 2000)). The complaint alleged she knowingly and without legal justification entered the vehicle of Martin J. Corzine without his permission. The complaint named "Corzine J. Martin" as the complainant, but was signed by an unknown person "for Martin Corzine." The complaint further states, "Corzine J. Martin, being duly sworn on oath, deposes and says that he read the foregoing complaint by him subscribed and that the same is true." Inexplicably, the attestation clause is again signed by an unknown person "for Martin Corzine." The attestation clause appears to be verified by a deputy clerk.

On February 18, 2003, defendant was transported from the Du Page County jail to Cook County and pleaded guilty to that charge. She was sentenced to a term of 116 days in jail, with credit for 116 days served in Du Page County, where she was being held on the charge resulting in the ruling we now review. The basis

for this sentencing credit for time served in another county on a completely different charge does not appear in the record, and is not an issue in this appeal.

Also on March 24, 2002, a criminal complaint was filed in the Circuit Court of Du Page County against defendant, alleging that on or about March 4, 2002, she committed the offense of unlawful possession of a stolen vehicle, in violation of section 4—103(a)(1) of the Code (625 ILCS 5/4—103(a)(1) (West 2000)), a Class 2 felony. The complainant is listed as "Ofc. LeJeune." The signature on the complaint is unreadable and, as later explained, was signed by Officer LeJeune. Martin J. Corzine is listed as a witness on the complaint. As later explained, Martin Corzine, the owner of the vehicle, refused to sign the complaint. An arrest warrant was issued upon this complaint.

Thereafter, the State commenced a felony prosecution by indictment. On April 11, 2002, a Du Page County grand jury indicted defendant on one count of unlawful possession of a stolen motor vehicle and one count of unlawful possession of a converted motor vehicle. 625 ILCS 5/4—103(a)(1) (West 2000). The indictment indicates the only witness testifying before the grand jury was Officer LeJeune. It appears that on April 11, 2002, defendant was released on bond.

Defendant was charged under section 4—103(a)(1) of the Code, stating:

"A person not entitled to the possession of a vehicle or essential part of a vehicle to receive, possess, conceal, sell, dispose, or transfer it, knowing it to have been stolen or converted; additionally the General Assembly finds that the acquisition and disposition of vehicles and their essential parts are strictly controlled by law and that such acquisitions and dispositions are reflected by documents of title, uniform invoices, rental contracts, leasing agreements and bills of sale. It may be inferred, therefore[,] that a person exercising exclusive unexplained possession over a stolen or converted vehicle or an essential part of a stolen

or converted vehicle has knowledge that such vehicle or essential part is stolen or converted, regardless of whether the date on which such vehicle or essential part was stolen is recent or remote[.]" 625 ILCS 5/4—103(a)(1) (West 2000).

On August 6, 2002, defendant failed to appear for a status hearing and a bench warrant was issued. The bench warrant was vacated when defense counsel disclosed that defendant had been admitted to three different hospitals on four different occasions during August for psychiatric, gallbladder and appendix problems, and for surgery. She was finally released from the last hospital on September 22, 2002. It appears that defendant was subsequently arrested for failure to appear on an October 25, 2002, court date and no bond was fixed. On November 13, 2002, a full cash bail of $100,000 was set, then reduced to a $100,000 bond, 10% to apply. Defendant was apparently unable to make bond and was held in the Du Page County jail, where she remained a total of 116 days.

To participate in the Du Page County drug court program for inpatient treatment of her heroin addiction, defendant pleaded guilty to unlawful possession of a stolen motor vehicle on January 28, 2003, and the State dismissed the unlawful possession of a converted motor vehicle charge. Defendant was released from jail on February 20, 2003, for substance abuse treatment. On March 11, 2003, defendant was returned to jail when she was dismissed from the inpatient program. On April 28, 2003, defendant was released from jail to enter another inpatient substance abuse program. On June 12, 2003, defendant was once again returned to jail, apparently for failing to complete successfully the substance abuse program. Beginning June 25, 2003, defendant was released from jail to the custody of her parents for a few hours each day for intensive outpatient treatment for her eating disorder, psychological services, meetings, and

work release. She was then released from jail on September 22, 2003. On September 28, 2003, defendant was again taken into custody and held in jail on $50,000 full cash bail. On October 7, 2003, the State petitioned to discharge defendant from the drug court program due to noncompliance.

In response, on November 13, 2003, defendant filed a motion to dismiss the indictment, alleging the statute was unconstitutional as a violation of due process. Defendant also brought a double jeopardy challenge, based on her pleading guilty to criminal trespass to a vehicle, a lesser-included offense of unlawful possession of a stolen motor vehicle, in Cook County on February 18, 2003. Defendant further sought to withdraw her guilty plea based on newly discovered evidence that Corzine's testimony would exculpate her.

On January 22, 2004, the circuit court held a hearing on defendant's double jeopardy challenge. Martin Corzine testified he had known defendant for years and loaned her one of his automobiles on or about March 4, 2002. He never told anyone defendant stole the vehicle, nor did he request she return the car. Rather, he voluntarily gave defendant the car and never filed a stolen automobile report. Defendant's mother called him a number of times in mid-March 2002, and informed him that defendant was in the hospital and that the car was at their home and he could pick it up. Corzine responded he would pick the car up at his convenience. Defendant's parents later informed him that defendant was released from the hospital and had taken the car. Corzine indicated his only reason for contacting the police was his concern for defendant's safety.

Defendant's mother, Karen Dinelli, testified that defendant lived at her home during March 2002 and that Corzine loaned defendant his vehicle. Defendant was hospitalized during mid-March for approximately six

days. She called Corzine numerous times to tell him the car was in her driveway and he could pick it up at any time. Corzine told her he was busy, but would eventually pick up the car. Corzine never told her that defendant stole the car or exerted unauthorized control over it, or that he wanted it back. Karen Dinelli indicated on cross-examination that defendant told her that she had permission to have the vehicle.

Defendant testified that Corzine is a very good friend and he loaned her the car in early March 2002. Corzine never asked her to return the car. Defendant knew her parents called Corzine and informed him the vehicle was available at their house. Defendant was hospitalized from about March 16 to March 22, 2002. The car was in her general custody from early to late March 2002. On cross-examination, defendant indicated she was motivated to plead guilty to the Cook County and Du Page County charges to get into drug treatment.

Officer Steven LeJeune testified that on March 23, 2002, Martin Corzine told him that he loaned his car to defendant for a couple of days, that she returned the car on March 4, but the car was missing the next morning. Corzine did not tell him that he received any phone calls from defendant's parents regarding the missing car. Officer LeJeune called defendant's mother but did not go to their home to get the car. LeJeune never asked Corzine to sign a statement regarding the theft of the car or the investigation. According to LeJeune, Corzine said defendant did not return his car. LeJeune admitted Corzine did not sign a complaint against defendant. LeJeune later testified Corzine signed a criminal complaint, but on cross-examination admitted the signature was his own.

On February 2, 2004, the circuit court issued an oral ruling allowing defendant to withdraw her guilty plea and denying her motion to dismiss based on double

jeopardy. Based on this court's decision in *People v. Greco*, 204 Ill. 2d 400 (2003), the circuit court also found the permissive inference of section 4—103(a)(1) unconstitutional. The court reasoned:

"Okay this is the bottom line. You know I'm very familiar with [*Greco*] and the statute is exactly the same and the issue is remote as to whether the defendant has reason to know or should have known that the vehicle was stolen. This presumption as it's written in the statute although applied to a different, a part of a vehicle rather than the whole vehicle in [*Greco*] it's still the same statute. And this inference allows the State to prevail on a possession of stolen motor vehicle simply by showing that the vehicle had been reported stolen and that the defendant was in possession of the car. *** For example someone who buys a vehicle without a title[,] you know[,] that ought [to] raise some concern as to whether or not this vehicle is stolen or not[,] or [an] attempt to buy a car where the steering column has been peeled or there's no keys to the car. However here that's not the issue and this defendant stands in the place of the purchase[r] of the person[, and] she argues [it] is unfair [as] to this statute[, and] is unconstitutional. So in that she was given the car with permission. And arguably that permission was withdrawn later and if that's the case it was withdrawn, don't quote me on the exact date like after the 20th or so of March / she's then arrested in Cook County in possession of the stolen motor vehicle, but she pleads guilty to trespass. She is charged on virtually the same date and time with possession of [a] stolen motor vehicle in Du Page. I find one that the statute is unconstitutional [based on *Greco*] and[,] however, I would decline to having found the statute unconstitutional [on double jeopardy grounds]. I think that there is enough of a factual difference to allow the matter on double jeopardy just to proceed to trial. [The motion to dismiss based on double jeopardy] would be denied because I think there's a sufficient factual difference. And with respect to the *** newly discovered evidence *** it's the type of evidence that frankly the court just can't turn its back on ***. So I would find I'll allow the defendant to withdraw her plea of guilty and I find that the statute is

unconstitutional and if it proceeds she's entitled to a new trial."

The circuit court then entered the following written order:

"[T]hat after arguments being heard and evidence being presented, for the reasons stated in the record, the Defendant's motion to vacate her plea of guilty *and dismiss the indictment* is granted with regards to constitutionality. The defendant's motion with regards to double jeopardy is denied.

Case continued \*\*\* for bond hearing. Defendant in custody. Speedy tolled." (Emphasis added.)

It bears mentioning at this point that despite the written order indicating dismissal of the charge against defendant, she continued to be held in jail until February 11, 2004. Bond was then set and conditions attached requiring submission to urine screening, entering a dual treatment program, and reporting to the court every Monday.

On May 21, 2004, the circuit court denied the State's motion to reconsider the dismissal order. On June 11, 2004, the State filed a timely notice of appeal directly to this court, asserting jurisdiction pursuant to Supreme Court Rules 603 and 604(a)(1) (134 Ill. 2d R. 603; 188 Ill. 2d R. 604(a)(1)). Defendant did not appeal the denial of her motion to dismiss based on double jeopardy.

## II. ANALYSIS

Two issues are presented in this appeal. First, whether the circuit court erred in declaring the permissive inference contained in section 4—103(a)(1) of the Code unconstitutional. Second, whether defendant's claim of double jeopardy supports the circuit court's dismissal of the indictment.

### A. Constitutionality of Section 4—103(a)(1)

The State argues the inference contained in section 4—103(a)(1) is constitutionally valid as applied to motor

vehicles within the context of the facts in this record and that the circuit court erred in finding the inference unconstitutional. Defendant argues the inference operates as a presumption and violates her right to due process of law.

This court has recognized that "[a]ll statutes are presumed to be constitutional, and the burden of rebutting that presumption is on the party challenging the validity of the statute to demonstrate clearly a constitutional violation." *People v. Greco*, 204 Ill. 2d 400, 406 (2003), citing *People v. Sypien*, 198 Ill. 2d 334, 338 (2001). A court must construe a statute so as to affirm its constitutionality, if reasonably possible. *People v. Funches*, 212 Ill. 2d 334, 339-40 (2004) (citing *Greco*, 204 Ill. 2d at 406, and *In re R.C.*, 195 Ill. 2d 291, 296 (2001)). We review the constitutionality of a statute *de novo*. *Funches*, 212 Ill. 2d at 340.

In this case, the circuit court, in an oral ruling, declared that section 4—103(a)(1) of the Code is unconstitutional. Unfortunately, the written order granting the motion to dismiss did not summarize the circuit court's specific findings of fact or grounds for its conclusions of law. The circuit court's oral pronouncement did not specify the constitutional provision it was relying upon to invalidate the law. The circuit court recited no relevant facts in rendering its judgment and did not set forth in any manner why this statute is unconstitutional. The circuit court did not indicate whether it found the statute facially unconstitutional, or unconstitutional only as applied to this defendant. The oral pronouncement makes no mention of dismissal of the charge. Nevertheless, the dismissal is announced in the written order and later confirmed by denial of the State's motion to reconsider. Accordingly, we must presume the charge was in fact dismissed.

The difficult job of reviewing a circuit court's deci-

sion to invalidate a statute is made much more demanding when the record is unclear and the basis for the ruling is ambiguous. See *In re Parentage of John M.*, 212 Ill. 2d 253, 266 (2004) ("Our task of reviewing the circuit court's judgment *** is hampered by a lack of clarity in the court's ruling. The scope of the ruling is not readily apparent from the text of the order").

This court has emphasized that "[w]hen a circuit court does something as serious as holding that a statute violates the constitution, then the circuit court must also be mindful to clearly state what portion of the statute is unconstitutional as well as the legal basis for that ruling." *People v. Cornelius*, 213 Ill. 2d 178, 189 (2004). In several recent cases, we have been forced to determine the scope of a circuit court's decision striking down a statute on constitutional grounds based on a ruling that was " 'conclusory and unsupported by any legal analysis or explanation.' " *Cornelius*, 213 Ill. 2d at 189, quoting *In re Parentage of John M.*, 212 Ill. 2d at 266. Accordingly, we again "remind our circuit courts that statutory enactments are presumed constitutional, and that it is the duty of the court to construe a statute so as to affirm its constitutionality, if such a construction is reasonably possible." *Cornelius*, 213 Ill. 2d at 189 (citing *Vuagniaux v. Department of Professional Regulation*, 208 Ill. 2d 173 (2003), and *Burger v. Lutheran General Hospital*, 198 Ill. 2d 21, 32 (2001)).

We must, therefore, initially determine the scope of the circuit court's holding. In examining the transcript of the judge's oral pronouncement, we note that the circuit court relied on this court's recent decision in *Greco*, 204 Ill. 2d 400. Based on the circuit court's reliance on *Greco*, and its reference to the specific facts of this case, we logically conclude that the circuit court determined that the permissive inference violates due process as applied to this defendant. This is the only

reasonable interpretation of the circuit court's ruling that is apparent from the record before us. This interpretation is supported by this court's pronouncement that the constitutionality of an inference must be examined "only *as applied* to the particular defendant within the context of all the evidence in the record." (Emphasis added.) *Funches*, 212 Ill. 2d at 343.

Section 4—103(a)(1) of the Code contains an evidentiary inference. *Funches*, 212 Ill. 2d at 341; *Greco*, 204 Ill. 2d at 405. This court has recognized that "[i]nferences are essential to the expeditious resolution of factual questions." *Funches*, 212 Ill. 2d at 342.

In criminal prosecutions, however, our legislature may only create statutory inferences in compliance with due process. *Funches*, 212 Ill. 2d at 342. We have consistently held that:

> "An inference does not violate due process guarantees where three conditions are satisfied: (1) there must be a rational connection between the basic fact and the presumed fact; (2) the presumed fact must be more likely than not to flow from the basic fact; and (3) the inference must be supported by corroborating evidence of guilt. If there is no corroborating evidence, the leap from the basic fact to the presumed element must still be proved beyond a reasonable doubt." *Funches*, 212 Ill. 2d at 342-43 (citing *People v. Hester*, 131 Ill. 2d 91, 100 (1989), and *People v. Housby*, 84 Ill. 2d 415, 421 (1981)).

Applying this test, we are required to determine whether the inference is invalid as applied to defendant under the evidence in this record.

Here, the circuit court relied on *Greco* and implicitly determined that section 4—103(a)(1) violated due process as applied to this defendant, in the context of the evidence in this case. In *Greco*, this court held that the inference contained in section 4—103.2(b) incorporating section 4—103(a)(1) violated due process as applied to a charge of aggravated unlawful possession of special mobile equipment (625 ILCS 5/4—103.2(a)(5) (West

2000)). *Greco*, 204 Ill. 2d at 414-15. We explained that by omitting the requirement that the equipment be recently stolen from the inference, the General Assembly "dramatically weakened the probability that the inference will be correct with regard to special mobile equipment." *Greco*, 204 Ill. 2d at 414. We reasoned that "there is no substantial assurance that a person with unexplained possession of a piece of special mobile equipment stolen, for example 10 years ago, more likely than not has knowledge that the piece of equipment was stolen." *Greco*, 212 Ill. 2d at 414.

In *Greco*, this court recognized that the acquisition and transfer of special mobile equipment is not subject to the strict control and documentation requirements for conveyance of other vehicles. *Greco*, 212 Ill. 2d at 414. Consequently, we expressed no opinion on the constitutionality of the same permissive inference in the context of other vehicles. *Greco*, 212 Ill. 2d at 414.

In *Funches*, this court faulted a trial court for its "clearly misplaced" reliance on *Greco* in holding that the permissive inference was unconstitutional without examining the constitutionality of the inference as applied to the defendant in that case. *Funches*, 212 Ill. 2d at 346. "In *Greco*, we expressly limited our constitutional assessment to the particular crime charged ***." *Funches*, 212 Ill. 2d at 345. Accordingly, simply because this court struck down the inference as it applies to special mobile equipment does not mean the inference is invalid in every case.

*Funches* emphasized that the constitutionality of an inference can be tested only as applied to a particular defendant, under a particular charge, in light of the particular record. *Funches*, 212 Ill. 2d at 345-46. This court determined that the circuit court erred in holding section 4—103.2(b) unconstitutional as applied to the defendant when the allegations of the criminal informa-

tion had not yet been subjected to adversarial testing and consideration of any evidence. *Funches*, 212 Ill. 2d at 346. We reasoned that the defendant did not have standing to challenge the inference as applied to him when the defendant could not establish, under the facts of the case, that there was no rational way the trier of fact could make the connection permitted by the inference. *Funches*, 212 Ill. 2d at 346.

Accordingly, the defendant had "failed to demonstrate that the inference \*\*\* violates due process as applied to him." *Funches*, 212 Ill. 2d at 346. Here, defendant's guilty plea was based on stipulated facts. When she stipulated to the factual basis of guilt, the permissive inference was unnecessary and inoperative in this case. Thus, the permissive inference was not actually applied to her. Even if the permissive inference had been applied in conjunction with a guilty plea, a defendant cannot be affected by application of a permissive inference during a guilty plea that has been withdrawn.

The record in this case, like *Funches*, has not been subject to adversarial testing, and the circuit court invalidated section 4—103(a)(1) without considering any evidence. This case is distinguishable from *Greco*, when it was apparent from the *Greco* record that the State intended to rely on the permissive inference, and defendant was in immediate danger of sustaining direct injury as a result of enforcement of the statute. It is not at all apparent from the record here that the inference could be or will be applied to defendant.

Before a trial court may apply a permissive inference, "(1) there must be a rational connection between the basic fact and the presumed fact; (2) the presumed fact must be more likely than not to flow from the basic fact; and (3) the inference must be supported by corroborating evidence of guilt." *Funches*, 212 Ill. 2d at 342-43 (citing *Hester*, 131 Ill. 2d at 100, and *Housby*, 84 Ill. 2d at 421).

During the hearing concerning double jeopardy, Corzine, the owner of the vehicle, testified that he loaned the car to defendant, never requested defendant to return the vehicle, and did not file a stolen automobile report with the police department. Corzine further testified that defendant's parents notified him that the car was at their home and he told them he would eventually come and pick it up. Defendant's mother corroborated this testimony and testified that Corzine never indicated that defendant had stolen the car or exerted unauthorized control over it. Further, Officer LeJeunne testified that Corzine refused to sign a statement because defendant did not steal the car. Officer LeJeunne then testified that Corzine signed a criminal complaint for possession of a stolen motor vehicle. However, on cross-examination, LeJuenne admitted that he, and not Corzine, signed the complaint.

If these are the facts likely to be admitted into evidence upon remand for trial, it is improbable that the trier of fact could rationally make the connection to trigger the inference. Thus, we conclude that defendant has failed to show that she is in immediate danger of having the permissive inference applied to her.

On the other hand, if additional evidence is adduced at trial that would permit the trier of fact to make a rational inference, defendant cannot establish at this juncture that the statute would be unconstitutional as applied to her. Accordingly, we hold that the circuit court improperly held the inference contained in section 4—103(a)(1) unconstitutional as applied to defendant, and the circuit court's holding does not support dismissal of the indictment.

### B. Double Jeopardy

Defendant asserted in the trial court that her conviction upon her guilty plea in Du Page County violated her right not to be twice put in jeopardy for the same of-

fense, as guaranteed by the fifth amendment to the United States Constitution (U.S. Const., amend. V). She claimed that she had already been convicted of the lesser-included offense of criminal trespass to the same vehicle in Cook County, and that the Du Page County prosecution involved the same continuing transaction. The State maintained that defendant's two prosecutions were based on different acts, separated by fundamental intervening events. The trial court denied defendant's motion to dismiss the indictment on double jeopardy grounds.

Defendant did not appeal this issue. Nonetheless we may affirm the circuit court on any basis supported by the record. See *People v. Johnson*, 208 Ill. 2d 118, 132 (2003). Thus, we will review defendant's double jeopardy challenge solely to determine whether the challenge justified the circuit court's dismissal of the indictment.

The circuit court's oral pronouncement denying defendant's motion to dismiss based on double jeopardy grounds simply stated: "I think there is enough of a factual difference to allow the matter on double jeopardy just to proceed to trial." The circuit court did not elaborate on the factual differences it found.

Both the United States and Illinois constitutions provide that no person shall be put in jeopardy twice for the same criminal offenses. U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10. The double jeopardy clause protects a defendant from: (1) a second prosecution after an acquittal; (2) a second prosecution after a conviction; and (3) multiple punishments for the same offense. *People v. Gray*, 214 Ill. 2d 1, 6 (2005).

This court applies the "same-elements test" established in *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180 (1932), in determining whether a constitutional double jeopardy violation has occurred. *Gray*, 214 Ill. 2d at 6; *People v. Sienkiewicz*, 208 Ill. 2d 1, 5 (2003). The *Blockburger* same-elements test is satisfied

if each offense contains at least one element that is not required by the other. *Gray*, 214 Ill. 2d at 6; *Sienkiewicz*, 208 Ill. 2d at 5. Nevertheless, "the prosecution of a lesser-included offense prevents a subsequent prosecution on the greater offense since, by definition, a lesser-included offense requires no proof beyond what is required for the greater offense." *Sienkiewicz*, 208 Ill. 2d at 6, citing *Brown v. Ohio*, 432 U.S. 161, 167-69, 53 L. Ed. 2d 187, 195-96, 97 S. Ct. 2221, 2226-27 (1977).

In examining defendant's double jeopardy challenge, we must first decide whether defendant's alleged unauthorized possession of a motor vehicle prosecution is based on the same criminal act as her criminal trespass to a vehicle conviction. See *Sienkiewicz*, 208 Ill. 2d at 6. "If the prosecutions are predicated on different criminal acts, then the prohibition against double jeopardy is not violated." *Sienkiewicz*, 208 Ill. 2d at 6, citing *Blockburger*, 284 U.S. at 304, 76 L. Ed. at 309, 52 S. Ct. at 182 (1932) "If, however, there was only a single physical act, we must apply the *Blockburger* test to determine whether one charge is a lesser-included offense of the other." *Sienkiewicz*, 208 Ill. 2d at 6.

The definition of an "act" is " ' "any overt or outward manifestation which will support a different offense." ' " *Sienkiewicz*, 208 Ill. 2d at 8, quoting *People v. Rodriguez*, 169 Ill. 2d 183, 188 (1996), quoting *People v. King*, 66 Ill. 2d 551, 566 (1977). In *Sienkiewicz*, we found the following six-factor test useful in certain circumstances when considering whether there are one or more acts underlying the charges: (1) whether the defendant's acts were interposed by an intervening event; (2) the time interval between the successive parts of the defendant's conduct; (3) the identity of the victim; (4) the similarity of the acts performed; (5) whether the conduct occurred in the same location; and (6) the prosecutorial intent, as shown by the wording of the charging instrument. *Sienkiewicz*, 208 Ill. 2d at 7-8.

In considering the first two factors, the presence of any intervening event and the timing of defendant's acts, we note that defendant pled guilty to criminal trespass of a vehicle in Cook County in that she knowingly and without legal justification entered the vehicle of Martin J. Corzine without his permission on or about March 24, 2002. The Du Page County charge, on the other hand, alleges that defendant unlawfully possessed a stolen motor vehicle on or about March 4, 2002. The record indicates that defendant was hospitalized for approximately one week between the dates of March 4 and March 24, and that the vehicle was parked in the driveway of defendant's parents during that time. Both Karen Dinelli and Corzine testified that Corzine was notified that his vehicle was in the Dinelli's driveway. Thus, between the commission of the two offenses, there appear to be intervening events that would support charges for different offenses.

As to the third and fourth factors, the identity of the victim and the similarity of the acts performed, the record indicates Corzine was the victim in both offenses. The evidence appears to indicate that defendant's conduct did not vary significantly under either of the circumstances that caused the offenses to be charged.

Considering the fifth factor, the location of the relevant conduct, it is clear that the criminal trespass to the vehicle occurred in Cook County, while the unlawful possession of the vehicle occurred in Du Page County. The locations were sufficiently distinct to support a finding of two separate acts in this case.

Finally, the sixth factor examines the wording of the charging instruments. Both charging instruments allege similar conduct in that defendant unlawfully entered and possessed a motor vehicle.

The application of the test to these facts leads us to conclude the prosecutions are predicated on separate

acts, based on intervening events and, thus, double jeopardy could not support dismissal of the indictment. It is undisputed that defendant was hospitalized in mid-March. Both Karen Dinelli and Corzine testified that defendant's parents called Corzine and notified him that the vehicle was in their driveway, and that Corzine intended to eventually pick up the vehicle. Accordingly, defendant was not in continuous possession of the vehicle. The subsequent trespass of that vehicle on March 24, following her release from hospitalization, constituted a separate offense. Based on our conclusion, it is unnecessary to apply the *Blockburger* test to determine whether one charge is a lesser-included offense of the other. Accordingly, we conclude that the offense charged in Du Page County does not violate double jeopardy. Having concluded that the circuit court's dismissal on the constitutionality of the statute was error, and that double jeopardy does not support the ruling, we reverse the dismissal of the indictment.

The State does not dispute the propriety of the circuit court's allowing defendant to withdraw her guilty plea. We therefore do not address that issue and remand this cause for further proceedings.

### III. CONCLUSION

For the foregoing reasons, we affirm that part of the judgment of the circuit court of Du Page County allowing defendant's motion to withdraw her guilty plea. We reverse that part of the judgment dismissing the indictment, and remand for further proceedings.

*Affirmed in part and reversed in part;*
*cause remanded.*