■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAN ROC RESTAURANT, INC., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered February 26, 1985, convicting it of theft of services, after a nonjury trial, and imposing a fine of $5,000.

Judgment affirmed.

The defendant contends on appeal that the People failed to satisfy their burden of proving its guilt beyond a reasonable doubt. We disagree. The trial court here, after considering all the evidence, could have reasonably credited the testimony of the People's witnesses and conclude that only the defendant's

agents and employees had access to the room in the restaurant where the electrical meter was located, that the broken seals on the equipment, scratches, and other damage to the dial hands and dial face on the meter were the result of tampering by an agent or employee of the defendant. The substantially reduced electrical consumption recorded on the meter between April 1981 and April 1982 was further proof of tampering. Since such proof is presumptive evidence pursuant to Penal Law § 165.15 (5) that the person for whom the service is provided created the existing condition with an intent to avoid payment, the evidence, when viewed in a light most favorable to the People, is legally sufficient to support the defendant's conviction (see, People v Contes, 60 NY2d 620, 621).

The defendant also argues that the People were improperly permitted to introduce evidence that a 1976 inspection by Con Edison had found that certain switches in the meter at the restaurant were open, with the result that the meter had ceased to register electrical consumption. The People sought to have the evidence of the prior act admitted on the ground that it tends to establish intent to commit the present crime, absence of mistake, and a common plan or scheme (see, People v Molineux, 168 NY 264, 293). However, the People failed to prove that the defendant had tampered with the equipment and hence did not establish the requisite connection between the defendant and the prior act (see, Penal Law § 165.15 [5]). The proffered evidence should therefore have been excluded. Nevertheless, we conclude, in this nonjury trial, that, in light of the overwhelming evidence of the defendant's guilt, the error was harmless and does not mandate reversal (see, People v Crimmins, 36 NY2d 230, 242).

We have considered the remainder of defendant's contentions and have found them to be without merit. Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.