■ In the Matter of ERICK R., a Child Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES, Respondent, v ERIC R., Appellant.—Final order, Family Court, Bronx County (Rhoda J. Cohen, J.), entered on or about April 18, 1989, which, *inter alia,* placed the respondent father under the supervision of the Commissioner of Social Services for a period of 18 months, after a fact-finding determination that his child had been sexually abused, unanimously affirmed, without costs.

In a child protective proceeding, out-of-court statements of the victim, although hearsay, are admissible and, if properly corroborated by other evidence tending to support their reliability, may support a finding of abuse *(Matter of Nicole V.,* 71 NY2d 112, *rearg denied* 71 NY2d 890). Contrary to the father's contentions, substantial medical evidence established rectal penetration, including the lack of an anal wink, visibility of anal mucosa, bluish colorization around the anus, thinning of the perianal skin, and an abnormally wide rectal opening *(see, e.g., Matter of Jesse S.,* 152 AD2d 581). Further corroboration was provided by the testimony of two social workers that the child's behavioral symptoms, including age-inappropriate knowledge of sexual behavior manifested verbally and in play activities with anatomically correct dolls, was symptomatic of sexual abuse *(see, Matter of Nicole V.,* 71 NY2d, *supra,* at 121). Nor was respondent's claim of lack of

access sufficient to rebut the prima facie case *(see, Matter of Valerie Leonice T.,* 107 AD2d 327, 329) as respondent had liberal unsupervised visitation rights *(see, Matter of Dutchess County Dept. of Social Servs. [George K.],* 135 AD2d 631, *lv denied* 72 NY2d 802).

The court also properly denied respondent's motion to introduce the results of a polygraph examination. The reliability of such a test is not recognized in this State *(People v Leone,* 25 NY2d 511), and the proscription against admission is applicable to child sexual abuse cases *(Matter of Aryeh-Levi K.,* 134 AD2d 428).

Nor did the court abuse its discretion in denying respondent's motion for a second physical examination of the child. Such an examination is intrusive, has questionable probative value, and is potentially traumatic to the child *(see, Matter of Laura W.,* 160 AD2d 585). Concur—Ross, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.