■ The People of the State of New York, Respondent, v Louis M. Mandigo, Appellant.—Crew III, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 7, 1992, upon a verdict convicting defendant of the crime of burglary in the third degree.

Defendant contends that the verdict rendered against him was not supported by legally sufficient evidence and was against the weight of the evidence. We disagree. The evidence, viewed in the light most favorable to the People, revealed that defendant was found "hiding" behind a desk in the service bay area of a gas station after closing hours. The front door had been forced open and was damaged. The station's cash register had also been forced open, the desk drawers had been opened, and an open blue bank bag, containing employee funds, was found lying on the floor. Under the circumstances, the jury was clearly justified in concluding that defendant had unlawfully entered the building with intent to commit larceny and a finding to the contrary would have been wholly unreasonable *(see, People v Bleakley,* 69 NY2d 490, 495).

Equally without merit is defendant's contention that County Court erred in failing to submit trespass as a lesser included offense. While it is true that the term "premises" used in Penal Law § 140.05 is an all-inclusive term which includes a "building" as well as real property, and that the offense of "trespass" may thus constitute a lesser included offense of

burglary, in the case at bar there is no identifiable rational basis on which the jury could have rejected that portion of the People's case which was indispensable to establishment of burglary and yet accept so much of the proof as would establish trespass *(see, People v Scarborough,* 49 NY2d 364, 370-371). In addition to the proof that defendant was unlawfully on the premises, there was uncontradicted proof that the desk drawers had been opened, the cash register had been forced open and a money bag had been removed from its storage place, opened and put on the floor. There is no identifiable rational basis in the record on which the jury could have rejected the latter evidence while accepting only the proof of unlawful entry.

We have considered defendant's remaining contentions and find them lacking in merit.

Yesawich Jr., J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.