■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER S. DEMERITT, Appellant. [738 NYS2d 727] —Spain, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered August 10, 2000, upon a verdict convicting defendant of the crime of attempted murder in the second degree.

Following a jury trial, defendant was convicted of attempted murder in the second degree for an incident which occurred on August 10, 1999 on Bly Hollow Road in the Town of Berlin, Rensselaer County, during which a shotgun was fired from the roadside, striking Edgar Saunders in the hand and forearm as he drove his pickup truck. Saunders testified that while driving down the road towing a junk car being steered by his nephew, Earl Bradway, he observed defendant standing on the left side of the road about five feet back, next to a recreational path, pointing a short barreled shotgun in Saunders' direction. Saunders covered his face with his right hand and accelerated in an attempt to pass quickly, and when his vehicle was approximately 15 feet from defendant, he heard a single shotgun blast and was hit by four projectiles of buck shot in his right hand and by one in his right forearm. He stopped his truck approximately 300 yards down the road and defendant was not in sight. The scattered shot pierced the left side of the windshield and the left front fender of the truck. During the incident, the chain used to tow the other vehicle broke leaving Bradway coasting behind. Bradway testified that he never saw defendant, but he heard the loud noise which he thought was attributable to the chain breaking and, when he caught up to the truck, he observed Saunders' injuries. Saunders told him that it was defendant who had shot him. Saunders was treated at the hospital and released the same day and, approximately two months later, two of the five pieces of buckshot shrapnel were removed.

It was established at trial that defendant and Saunders lived off of Bly Hollow Road and had known one another for several years prior to this incident. They were engaged in an ongoing dispute regarding Saunders' storage of mattresses on defendant's property which defendant directed him to remove. They had exchanged threats and Saunders had been arrested. He

later pleaded guilty to menacing in the third degree for threatening defendant with the handle of a log splitting maul.

After the shooting, the State Police and members of the Rensselaer County Sheriff's Department responded to the scene and to defendant's residence. Defendant denied shooting Saunders. Although no shotguns or physical evidence directly linking defendant to the shooting were recovered in defendant's house or at the scene, evidence that defendant had access to or owned a shotgun was found in his house, including shotgun cleaning and reloading supplies and expended and unexpended shotgun shells. When asked if he owned a shotgun, defendant made a statement in the form of a rhetorical question that could be viewed as an admission that he owned a shotgun. A subsequent ballistics comparison of an expended 12-gauge shotgun shell (which had contained number 4 size buckshot) found at defendant's house, and an expended 12-gauge shotgun shell (which had contained double aught size buckshot) found in the vicinity of the shooting, indicated that their markings were consistent with having been fired from the same gun, but there were an insufficient number of markings on the shells to determine that they were definitely fired from the same gun.

After his conviction, defendant moved pursuant to CPL 330.30 (1) to set aside the verdict alleging, among other claims, that he was unable to participate in his defense at trial because he was overmedicated. County Court denied defendant's motion as involving matters outside the record. Defendant was thereafter sentenced to a 25-year determinate prison sentence, the maximum term available for this class B violent felony (*see*, Penal Law § 70.02 [1] [a]; [3] [a]). Defendant now appeals, challenging the jury's verdict, the denial of his motion to set aside the verdict and the adequacy of the trial counsel's representation, as well as the sentence.

With regard to the jury verdict, defendant argues that it is not supported by legally sufficient evidence and is also contrary to the weight of the evidence primarily on the ground that Saunders' testimony was incredible and unworthy of belief. Viewing the evidence in the light most favorable to the People and according them the benefit of every favorable inference to be drawn from the evidence, we find that the People presented sufficient evidence to permit a rational person to reach the conclusion that defendant intended to kill Saunders and attempted to do so by shooting at him (*see*, *People v Tejeda*, 73 NY2d 958, 960; *People v Bleakley*, 69 NY2d 490, 495; *People v Contes*, 60 NY2d 620, 621). Turning to defendant's claims pertaining to the credibility of Saunders' testimony and the

weight of the evidence, while a different finding would not have been unreasonable, upon review of the trial testimony and other evidence, we cannot conclude that the verdict ran contrary to the weight of credible evidence (see, CPL 470.05 [2]; *People v Bleakley, supra* at 495).

While Saunders was the only witness to identify defendant as the shooter and place him at the scene of the shooting, his testimony in that regard was not so incredible as to be unworthy of belief. The various internal inconsistencies in Saunders' testimony and his prior inconsistent statements and testimony were fully explored during cross-examination for the jury's consideration, as were his motive to falsely accuse defendant due to their ongoing dispute and his possible financial expectations of bringing a civil lawsuit against defendant. Further, Saunders' extensive 15-year criminal record was revealed in depth and at length and his veracity and character were impeached.

However, Saunders' account of the incident was corroborated by Bradway's testimony that Saunders immediately identified defendant as the shooter, and by the evidence that defendant had access to or owned a shotgun. Also, there was testimony from several witnesses that, in the hour before the shooting, defendant was seen two or more times driving past the house of Saunders' brother on Bly Hollow Road where Saunders was visiting. In independently weighing the relative probative force of the testimony, we accord great deference to the jury's opportunity to view the witnesses, hear their testimony, observe their demeanor and judge their credibility, as well as its ability to assess defendant's theory that Saunders falsely implicated defendant and that an unknown assailant took a "pot-shot" at Saunders (see, *People v Bleakley, supra* at 495; *People v Walker*, 279 AD2d 696, 698, *lv denied* 96 NY2d 869; *People v Denis*, 276 AD2d 237, 244-246, *lvs denied* 96 NY2d 782, 861). Saunders' account of the shooting was not manifestly untrue, incredible, or materially inconsistent and, thus, the jury's verdict was supported by the weight of credible evidence.

Next, we find no error in County Court's decision to deny defendant's motion to set aside the verdict pursuant to CPL 330.30 (1) as grounded upon facts not appearing in the record. The motion was based solely upon an affidavit of counsel claiming that defendant was overmedicated during trial when he made the decision—against counsel's advice—not to testify, which allegedly impaired defendant's ability to assist in his defense and to present a planned justification defense, all matters outside the record (see, *People v Cipriani*, 267 AD2d 595,

596, *lv denied* 95 NY2d 833, *cert denied* 531 US 1092). Moreover, defendant did not argue or demonstrate that the verdict should be set aside on any other ground specified in CPL 330.30.

Further, a review of the record on appeal belies defendant's claim that he was denied the effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147). Defense counsel made appropriate pretrial motions and effectively and extensively cross-examined Saunders and other witnesses, drawing out weaknesses and inconsistencies in their testimonies and impeaching their credibility. Counsel made prompt objections throughout trial, conducted voir dire of witnesses and delivered a cogent summation. Although defendant argues that defense counsel should have done more to persuade County Court to impose a more lenient sentence, at sentencing defense counsel in fact argued for a reduced sentence raising the same mitigating factors upon which appellate counsel now relies (*see, People v Johnson*, 267 AD2d 609, 610; *see also, People v Newell*, 271 AD2d 873, 874, *lv denied* 95 NY2d 837). As such, the record supports the conclusion that defendant received competent and meaningful representation.

However, upon careful consideration of, inter alia, the facts surrounding this crime and defendant's lack of a significant criminal history, we are persuaded that the imposition of the maximum authorized determinate sentence of 25 years' imprisonment is unduly harsh and excessive. In this regard, we note that defendant, age 53, had never been convicted of a felony, although he was convicted of a number of misdemeanors including driving while intoxicated or impaired five times between 1987 and 1995 and aggravated unlicensed operation of a motor vehicle in the second degree (*see*, Vehicle and Traffic Law § 511 [2]) in 1992 and 1993. Prior to the pretrial hearings, the prosecution offered a plea deal consisting of a six-year determinate sentence provided defendant plea to assault in the second degree. The sentencing range for attempted murder in the second degree is a minimum determinate term of 5 years' imprisonment and a maximum determinate term of 25 years (*see*, Penal Law § 70.02 [1] [a]; [2] [a]; [3] [a] [amended L 1998, ch 1, §§ 5, 7]). While we agree that defendant's intentional conduct in firing a shotgun at a person in a passing vehicle over an ongoing petty dispute warrants a significant and lengthy sentence as it endangered the lives of others, in view of the nature of defendant's criminal history, his age, the lack of substantial injury to the victim, the overall circumstances of this crime and considering sentences imposed in cases involv-

ing comparable convictions, we find that a 25-year determinate prison sentence is excessive. Accordingly, we find it appropriate to reduce the sentence in the interest of justice (*see, People v Delgado*, 80 NY2d 780) to a determinate term of 15 years' imprisonment (*see,* CPL 470.15 [2] [c]; [6] [b]; 470.20 [6]), which is subject to a period of postrelease supervision of 5 years (*see,* Penal Law § 70.45 [2]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to a determinate prison term of 15 years, and, as so modified, affirmed.