◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY GILLIAM, Appellant. [827 NYS2d 368]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 27, 2004 in Albany County, upon

a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Following a jury trial, defendant was convicted of third degree criminal possession of a weapon. He was sentenced, as a second felony offender, to a prison term of 2½ to 5 years.

On defendant's appeal, we reject his challenges to the sufficiency of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *see also People v Conway*, 6 NY3d 869, 872 [2006]). Viewed most favorably to the prosecution, the testimony established that on the evening of October 4, 2003, defendant went to an apartment in the City of Albany, where his former girlfriend resided with her new boyfriend, to retrieve a pair of shoes. After defendant was given a bag containing the shoes, defendant—without provocation—threw a shoe at the girlfriend, which struck her in the head, and then chased her into a bedroom where he threatened to kill her while holding a knife and screaming obscenities at her. The boyfriend wrestled the knife away from defendant and successfully removed defendant from the apartment, and defendant then continued to yell at them from the street below for approximately 20 minutes. After defendant left, the victims reported the incident to police and turned in the knife, which both testified they had never previously seen. Defendant was arrested the next day when he showed up at the restaurant where the victims were working. The foregoing certainly allowed a rational trier of fact to conclude that the People had proved beyond a reasonable doubt that defendant possessed a dangerous knife with intent to use it unlawfully against another (*see* Penal Law § 265.01 [2]) and defendant admitted having been previously convicted of a crime (*see* Penal Law § 265.02 [1]; CPL 200.60; *see also People v Conway, supra* at 872; *People v Santi*, 3 NY3d 234, 246 [2004]).

Defendant's challenge to the verdict as contrary to the weight of the credible evidence is premised upon certain minor inconsistencies between the victims' testimony—such as where they had been earlier in the evening and which of them answered the door—and on claims that they were biased against him, none of which is persuasive. These matters were highlighted to the jury (*see People v Moore*, 17 AD3d 786, 789 [2005], *lvs denied* 5 NY3d 785, 792 [2005]) and undermined neither their credibility in any meaningful respect nor their consistent testimony establishing defendant's guilt of the crime charged (*see People v Tarver*, 292 AD2d 110, 114 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Demeritt*, 291 AD2d 726, 728 [2002], *lv denied* 98 NY2d 650 [2002]). Evaluating the evidence in a neutral light and extending appropriate deference to the jury's

superior opportunity to assess the witnesses' credibility, we do not find that the verdict was contrary to the weight of credible evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Bleakley, supra*).

Next, we find no error or abuse of discretion in Supreme Court's *Sandoval* compromise allowing defendant to be impeached with only one of his three 1983 robbery convictions, a crime involving dishonesty (*see People v Gray*, 84 NY2d 709, 712 [1995]; *People v Walker*, 83 NY2d 455, 459 [1994]; *People v Tarver, supra* at 116). The court further precluded inquiry into the fact that the victim was injured in that robbery (*see People v Gilliam*, 112 AD2d 475, 476 [1985], *lv denied* 66 NY2d 919 [1985]), expressly balancing the probative impeachment value of that crime against its potential for undue prejudice (*see People v Walker, supra* at 459; *People v Sandoval*, 34 NY2d 371, 375 [1974]). We do not agree with defendant's contention that the passage of time since that 1983 conviction (or his age [16] at the time of that crime) eliminated its probativeness because, as the court noted, defendant was incarcerated until 1999 (*see People v Walker, supra* at 459; *People v Ward*, 27 AD3d 776, 777 [2006], *lv denied* 7 NY3d 764 [2006]).

We have examined and find unpersuasive defendant's remaining contentions, including that the less than maximum sentence imposed constituted cruel and unusual punishment (*see People v Thompson*, 83 NY2d 477, 479 [1994]) or that it should be reduced in the interest of justice (*see* CPL 470.15 [6] [b]).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.