■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CLARK, Appellant. [857 NYS2d 758]—

Stein, J. Appeal from a judgment of the Supreme Court (Mc-

Donough, J.), rendered October 4, 2006 in Albany County, upon a verdict convicting defendant of the crimes of aggravated criminal contempt, criminal contempt in the first degree and assault in the third degree.

On April 6, 2006, the victim, a taxi cab driver, returned to the garage at the end of her shift at 6:00 A.M. where defendant, the father of two of her children and against whom she had an order of protection filed on March 9, 2006, was waiting for her. Defendant was allegedly upset because the victim had refused to pick him up when he called for a cab and because two of the victim's male coworkers were in her cab. The victim insisted that she and defendant go to pick up one of their children, who defendant was supposed to be watching, so they took a cab, driven by one of the victim's coworkers, to the apartment of defendant's girlfriend to get the child. The victim testified that, when defendant brought their child out to the cab where she was waiting, defendant got back into the cab, pulled out a knife, placed it on his lap and told the victim that she was not leaving the cab until they talked. Defendant asked the cab driver to drop them off at a bus stop. The victim testified that, after she placed the child in the bus shelter, defendant punched, elbowed and kicked her and grabbed her cellular telephone and $50 cash. A passing city bus driver noticed that the victim was distraught and radioed another bus on the route asking that driver to check on the situation. The second driver asked the victim if she needed help and the victim requested that he call the police. The victim testified that defendant then fled when he noticed the bus driver calling the police. After the police arrived on the scene, the victim was transported to the hospital, where she was treated for her injuries and released.

Defendant was charged with the crimes of robbery in the third degree, aggravated criminal contempt, criminal contempt in the first degree, assault in the third degree and menacing in the second degree. Following a jury trial, defendant was convicted of aggravated criminal contempt, criminal contempt in the first degree and assault in the third degree. Defendant was sentenced as a second felony offender to prison terms of 3½ to 7 years for the conviction of aggravated criminal contempt, 2 to 4 years for the conviction of criminal contempt in the first degree and one year for the conviction of assault in the third degree, all to be served concurrently. Defendant now appeals and we affirm.

In determining whether defendant's convictions were against the weight of the evidence, "[i]f based on all the credible evidence a different finding would not have been unreasonable"

(*People v Bleakley*, 69 NY2d 490, 495 [1987]), this Court must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.*, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *see People v Khuong Dinh Pham*, 31 AD3d 962, 964 [2006]). Viewing the evidence in a neutral light and giving appropriate deference to the jury's "superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594, 596 [2006], *lv denied* 7 NY3d 756 [2006]), we do not find that the verdict was contrary to the weight of the evidence. The medical evidence was consistent with the victim's testimony that she was punched in the face and kicked in the leg. Additionally, the responding police officer observed swelling of the victim's face and her indication that she was in pain. The police officer also testified that the victim identified defendant as the person who attacked her.

In light of the evidence which supports the charges, we are not persuaded that minor inconsistencies between the victim's trial testimony and the other evidence (including the victim's own pretrial statements), together with defendant's assertions that the victim had a motive to lie, demonstrate that the verdict was contrary to the weight of the evidence (*see People v Gilliam*, 36 AD3d at 1152-1153; *People v Jegede*, 304 AD2d 850, 851 [2003], *lvs denied* 100 NY2d 539 [2003], 3 NY3d 676 [2004]; *People v Maxwell*, 260 AD2d 653, 654-655 [1999], *lv denied* 93 NY2d 1004 [1999]).

Defendant's contentions that the indictment was defective and that charging him with both aggravated criminal contempt and criminal contempt in the first degree was duplicitous and violated double jeopardy principles were not properly preserved for our review (*see People v Miller*, 27 AD3d 1017, 1018 [2006]; *People v Stabb*, 9 AD3d 738, 739 [2004]). Had they been preserved, we would find them to be without merit (*see* Penal Law former § 215.52; *People v Wilmore*, 305 AD2d 117, 118 [2003], *lv denied* 100 NY2d 589 [2003]).

Cardona, P.J., Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.