■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GAYLE, Appellant. [861 NYS2d 507]—

Stein, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered October 23, 2006, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

In October 2005, defendant was confined in Elmira Correctional Facility in Chemung County. On October 27, 2005, his cell was randomly selected to be searched. A correction officer found a shank (a paintbrush handle cut off and sharpened at one end) in a pocket of a bathrobe hanging on the wall. Defendant was charged by a grand jury indictment with the crime of promoting prison contraband in the first degree. A jury found defendant guilty and he was later sentenced, as a second felony offender, to a prison term of 3 to 6 years, to run consecutive to his existing sentence. Defendant now appeals and we affirm.

Initially, we reject defendant's contention that his conviction was based upon legally insufficient evidence. When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People (*see People v Brown*, 46 AD3d 949, 951 [2007], *lv denied* 10 NY3d 808 [2008]), and we will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant specifically contends that the evidence was insufficient to support a finding that he was confined in a detention facility (*see* Penal Law § 205.25 [2]). We disagree. There was testimony from a correction officer that defendant was confined to a cell in the G block of Elmira Correctional Facility, and the correction officer's description of the facility clearly established that it was a detention facility. Moreover, defendant's own testimony describing his daily routine, including his confinement to a cell at night and his placement in the special housing unit after discovery of the shank, also supports a finding that he was confined in a detention facility. Thus, the evidence was legally sufficient to support the verdict.

We also reject defendant's contention that his conviction was against the weight of the evidence. Where, "based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d at 495), "the court must [then] weigh conflicting testimony, review any rational inferences that may [have been] drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007] [citation omitted]; *see People v Romero*, 7 NY3d 633, 636 [2006]; *People v Bleakley*, 69 NY2d at 495; *People v Khuong Dinh Pham*, 31 AD3d 962 [2006]).

Here, the evidence established that defendant was the sole oc-

cupant of the cell, the cell had been locked prior to the search and other inmates had access to a cell other than their own only in limited circumstances. There was also testimony that the bathrobe could not have been seen from outside the cell, and the location of the bathrobe and the particular pocket in which the shank was found was such that no one could have placed the shank in the robe without entering the cell. Thus, the proof clearly supports a finding that defendant constructively possessed the shank (*see People v Manini*, 79 NY2d 561, 573 [1992]; *accord People v Banks*, 14 AD3d 726, 727 [2005], *lv denied* 4 NY3d 851 [2005]). Moreover, there was no corroboration to support defendant's contention that someone else planted the shank in his cell as retribution for his refusal to join a gang. In fact, defendant testified that he did not have any current problems with any inmates. Viewing the evidence in a neutral light and giving "appropriate deference to the jury's superior opportunity to assess the witnesses' credibility" (*People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]; *see People v Griffin*, 26 AD3d 594 [2006], *lv denied* 7 NY3d 756 [2006]), we conclude that the verdict was in accord with the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495).

Finally, defendant failed to preserve his contention that he was deprived of a fair trial because the shank was not dusted for fingerprints, thereby depriving him of a chance to present a defense (*see People v Rote*, 28 AD3d 868, 869 [2006]), and we decline to exercise our interest of justice jurisdiction to reverse the judgment of conviction (*see* CPL 470.15 [3] [c]).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.