■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BARRINGER, Also Known as JOHN VAIL, Appellant. [862 NYS2d 214]—

Peters, J.P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 14, 2007, upon a verdict convicting defendant of two counts of the crime of burglary in the third degree.

Upon responding to a report of a break-in at Giant Market in the City of Binghamton, Broome County, during the early morning hours of April 1, 2006, police learned that the glass entrance door was broken, the cash register was damaged and approximately 27 cartons of cigarettes were missing. A few hours later, a security alarm was activated at Crescent Cleaners and Laundry, located near Giant Market, and police immediately responded to the scene. After discovering a broken window in the front of the building and an unlocked door in the back, a K9 officer entered and found defendant hiding inside.

Defendant was thereafter charged with the crimes of burglary in the third degree and petit larceny with respect to the Giant Market incident and burglary in the third degree in connection with the Crescent Cleaners incident. Upon the close of evidence at the ensuing trial, County Court denied defendant's request to charge trespass as a lesser included offense to burglary in the third degree relating to the Crescent Cleaners break-in. The

jury returned a verdict of guilty on both burglary counts but was unable to reach a verdict on the petit larceny charge. At sentencing, the court granted the People's motion to dismiss the petit larceny count and sentenced defendant, as a second felony offender, to two concurrent prison terms of 3 to 6 years. Defendant now appeals.

Defendant raises both a legal sufficiency and weight of the evidence challenge to the burglary conviction arising out of the incident at Giant Market. However, by failing to make a timely detailed motion to dismiss directed at the specific deficiencies in the evidence he now claims, defendant has failed to preserve the legal sufficiency issue for our review (*see People v Balram*, 47 AD3d 1014, 1015 [2008], *lv denied* 10 NY3d 859 [2008]; *People v Carter*, 40 AD3d 1310, 1311 [2007], *lv denied* 9 NY3d 873 [2007]). As to the weight of the evidence, because a different verdict would not have been unreasonable, we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *see People v Alteri*, 49 AD3d 918, 920 [2008]). Viewing the evidence in a neutral light and according appropriate deference to the jury's assessment of witness credibility and demeanor, we conclude that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Gilliam*, 36 AD3d 1151, 1152-1153 [2007], *lv denied* 8 NY3d 946 [2007]).

The proof established that the store's glass entrance door was shattered and that a landscaping brick was found just inside. Still photographs collected from the store's video surveillance system captured defendant within the store during the time of the break-in. Moreover, testimony revealed that the store's office had been ransacked, that the cash register had been torn off of the counter and that approximately 27 cartons of cigarettes were missing. Thus, defendant's knowing and unlawful entry and intent to commit a larceny were readily inferable from the circumstances of his entry and his conduct within the store (*see People v Barnes*, 50 NY2d 375, 381 [1980]; *People v Mackey*, 49 NY2d 274, 280 [1980]; *People v Thomas*, 38 AD3d 1134, 1136 [2007], *lv denied* 9 NY3d 852 [2007]; *People v Covington*, 274 AD2d 840, 842 [2000], *lv denied* 95 NY2d 962 [2000]). To the extent that defendant also claims that this verdict was inconsistent with the jury's inability to reach a verdict on the petit larceny count, we find this claim to be without merit "since a conviction for burglary only requires

proof of a larcenous 'intent', not proof of the actual commission of the crime of larceny" (*People v Dodson*, 96 AD2d 1116, 1117 [1983]; *see People v Barnes*, 50 NY2d at 379; *see also People v James*, 110 AD2d 1037, 1038 [1985]).

We are also unpersuaded by defendant's argument that County Court erred in denying his request to charge trespass as a lesser included offense to the charge of burglary in the third degree arising out of the Crescent Cleaners incident. In order to establish entitlement to a charge on a lesser included offense, defendant was required to satisfy a two-part test. "First, defendant must establish that it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct. Secondly, there must be a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135 [1995] [citations omitted]; *see* CPL 300.50; *People v Barney*, 99 NY2d 367, 371 [2003]; *People v Hernandez*, 42 AD3d 657, 658 [2007]). While there is no dispute that the first prong of the test has been met (*see People v Mandigo*, 188 AD2d 717, 717-718 [1992], *lv denied* 81 NY2d 888 [1993]; *see also People v Wright*, 255 AD2d 199, 200 [1998], *lv denied* 92 NY2d 1041 [1998]), there is no reasonable view of the evidence to support a finding that defendant did not possess the intent to commit a crime when he entered Crescent Cleaners. The proof showed that defendant was unlawfully on the premises and that the store's private office had been broken into, the handle on the safe had been severely tampered with and the cash register had been forced onto the floor. Considering this evidence, together with the testimony that a hammer was found in proximity to defendant when he was apprehended, we find no rational basis in the record upon which the jury could have rejected such evidence while accepting only the proof of defendant's unlawful entry (*see People v Blim*, 63 NY2d 718, 720-721 [1984]; *People v Mandigo*, 188 AD2d at 717-718).

Finally, we find unavailing defendant's contention that his sentence is harsh and excessive. Given defendant's lengthy criminal history, which includes multiple theft crimes, we perceive neither an abuse of discretion nor the existence of any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Carter*, 40 AD3d 1211, 1213 [2007], *lv denied* 9 NY3d 864 [2007]; *People v Johnson*, 12 AD3d 941, 941 [2004]).

Spain, Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.