■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIORDANO HICKS, Appellant. [867 NYS2d 726]—

---

Cardona, P.J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered November 2, 2006, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (three counts) and endangering the welfare of a child (three counts).

On December 19, 2005, defendant was charged in a superseding indictment[1] with multiple counts of sexual abuse in the first degree and endangering the welfare of a child, all stemming from his alleged sexual contacts with the then seven-year-old victim between December 2004 to January 2005. Following a jury trial, defendant was convicted of three counts of sexual abuse in the first degree and three counts of endangering the

---

1. Defendant was originally indicted in June 2005 on two counts of sexual abuse in the first degree, two counts of forcible touching, and two counts of endangering the welfare of a child. Although County Court dismissed that indictment, the court granted the People's request for leave to resubmit the charges to another grand jury, resulting in the subject superseding indictment which also includes charges for different crimes.

welfare of a child.[2] He was thereafter sentenced, as a second felony offender, to an aggregate term of 21 years in prison, prompting this appeal.

Defendant contends that certain of the witnesses at trial offered testimony that was unreliable or inappropriate and, therefore, the jury's verdict was against the weight of the evidence. Inasmuch as a different verdict would arguably not have been unreasonable, we "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Barringer*, 54 AD3d 442, 443 [2008] [internal quotation marks and citations omitted]) and then determine "whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Gayle*, 53 AD3d 857, 858 [2008] [internal quotation marks and citations omitted]).

Here, the victim testified that she knew defendant as a family friend who sometimes gave her gifts. She stated that he took her for several rides in his car, including visits to his home on two occasions. During one visit to his home, defendant took a picture of her lying on his bed and gave her underwear as a present. She also testified that defendant took her to different cemeteries where he would let her drive while sitting on his lap. While doing so, defendant touched her vagina with his finger on at least three separate occasions. After the victim informed her mother of these occurrences, the child was taken to see Judith Sessenwein, a certified nurse practitioner trained to identify the signs of sexual abuse. Sessenwein testified that, among other things, her examination of the victim in January 2005 revealed increased vascularity and signs of vaginal scarring in a location that was suggestive of "possible sexual abuse." Although defendant, who testified at trial, denied having sexual contact with the victim or allowing her to sit on his lap, he confirmed driving the victim to his home and various cemeteries, letting her "drive" his car, giving her underwear and taking a picture of her on a bed in his home.

Viewing this and the other evidence produced "in a neutral light and according appropriate deference to the jury's assessment of witness credibility and demeanor" (*People v Barringer*, 54 AD3d at 443), it is our view that the verdict was not against the weight of the evidence. While defendant maintains that certain inconsistencies in the recollections of the victim and her mother rendered their testimonies unworthy of belief, these differences were fully developed or explained at trial, thus afford-

---

**2.** Two counts in the superceding eight-count indictment were dismissed at the conclusion of the People's proof.

ing the jury the opportunity to consider defendant's arguments before rendering its verdict (*see People v Borthwick*, 51 AD3d 1211, 1214 [2008], *lv denied* 11 NY3d 734 [2008]; *see also People v Clark*, 51 AD3d 1050, 1052 [2008], *lv denied* 10 NY3d 957 [2008]).

We are also unpersuaded that the admission of Sessenwein's testimony constituted an improper usurpation of the jury's fact-finding function. Contrary to defendant's claim, Sessenwein did not "attempt to prove that the charged crimes occurred" (*People v Higgins*, 12 AD3d 775, 778 [2004], *lv denied* 4 NY3d 764 [2005]). Rather, based on her training, experience and examination of the victim, Sessenwein opined that what she observed was consistent with or highly suggestive of sexual abuse. Such opinion testimony is not prohibited and County Court did not abuse its discretion in allowing it to be heard by the jury (*see People v Rogers*, 8 AD3d 888, 892 [2004]; *People v Morehouse*, 5 AD3d 925, 928 [2004], *lv denied* 3 NY3d 644 [2004]; *People v Munroe*, 307 AD2d 588, 591 [2003], *lv denied* 100 NY2d 644 [2003]).

Next, defendant challenges County Court's denial of his motion to dismiss on the basis of a CPL 30.30 speedy trial violation. Pursuant to that statute, the People must be ready for trial within six months of the commencement of a felony action (*see* CPL 30.30 [1] [a]; *People v Fehr*, 45 AD3d 920, 922 [2007], *lv denied* 10 NY3d 764 [2008]). Whether that obligation has been satisfied is " 'generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion' " (*People v Ramos*, 48 AD3d 984, 986 [2008], *lv denied* 10 NY3d 938 [2008], quoting *People v Cortes*, 80 NY2d 201, 208 [1992]).

Here, since only two of the counts in the superceding indictment appear to relate back to crimes alleged in the original indictment of June 8, 2005 (dismissed on October 20, 2005), County Court concluded that defendant only stated an arguable speedy trial challenge with respect to those two charges (counts four and eight). Although defendant disputes that conclusion, a resolution of that issue is not necessary inasmuch as we find that all the counts of the superseding indictment were within the time limitations set forth in CPL 30.30 even if measured from the commencement of the criminal action by the filing of the felony complaint on January 21, 2005.

Specifically, County Court, after a hearing, correctly calculated that the six-day period between the date of the felony complaint on January 21, 2005 to the date of defendant's arraignment with counsel before County Court on January 27, 2005 was not attributable to the People (*see* CPL 30.30 [4] [f]; *People v Aubin*, 245 AD2d 805, 806 [1997]). Additionally, the 76-day time period between January 28, 2005 and April 14, 2005 was not properly imputed to the People because they demonstrated that defendant requested adjournments during that period and waived his rights (*see* CPL 30.30 [4] [b]). Next, the court correctly held that the 68-day period between April 15, 2005 and June 22, 2005 was chargeable to the People. On June 23, 2005, the People declared their readiness for trial as to the June 2005 indictment. Therefore, the 118-day period between that date and October 19, 2005, the day before the indictment was dismissed, should not be attributed to the People (*see* CPL 30.30 [4] [a]; *People v Traficante*, 143 AD2d 443, 445 [1988]; *People v Marsh*, 127 AD2d 945, 947 [1987], *lv denied* 70 NY2d 650 [1987]). However, the People were properly charged the 60-day period after the first indictment was dismissed and the statement of readiness was issued as to the superseding indictment, namely, October 20, 2005 through December 19, 2005. Inasmuch as we agree with County Court that the People can only be charged with 128 days between the commencement of the criminal proceedings on January 21, 2005 and the statement of readiness as to the superseding indictment on December 19, 2005, defendant has not demonstrated that his statutory right to a speedy trial was violated herein (*see People v Berkowitz*, 50 NY2d 333, 349 [1980]).

Finally, we are unpersuaded by defendant's contention that his sentences were harsh and excessive. Defendant has not demonstrated an abuse of County Court's discretion or the existence of extraordinary circumstances warranting modification (*see People v Young*, 13 AD3d 716, 718 [2004]).

The remaining arguments advanced by defendant, including his claim that County Court erred in denying his motion on the eve of trial to have the victim submit to a second physical examination by his medical expert (*cf. Matter of Erick R.*, 166 AD2d 161, 162 [1990], *lv denied* 77 NY2d 802 [1991]), have been examined and found to be without merit.

Mercure, Spain and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.