Malone Jr., J.
Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered December 11, 2006, upon a verdict convicting defendant of the crimes of manslaughter in the second degree, attempted assault in the first degree, reckless endangerment in the first degree, criminal possession *948 of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts) and assault in the second degree.
The crimes for which defendant stands convicted stem from four separate incidents occurring in 2003, while defendant was allegedly engaged in a drug-dealing enterprise that he ran out of a house on Stanley Street in the City of Schenectady, Schenectady County. The first set of charges stemmed from an incident in June 2003 in which defendant allegedly was standing on the porch of the house and exchanged gun fire with an individual in a passing vehicle. The second set of charges stemmed from an incident in September 2003 in which defendant allegedly shot Isaac Holmes in the buttocks because he believed that Holmes was attempting to rob him. The following day, defendant allegedly again fired shots at Holmes, prompting the third set of charges. Finally, the fourth set of charges arose out of an incident that occurred on or about September 30, 2003. On that day, defendant was standing on the porch of the Stanley Street house when Craig Williams and William Farrow parked their vehicles near the house and, upon emerging, began a conversation. Defendant allegedly then descended from the porch and began firing a gun in Williams’s direction. As Williams and Farrow fled, the driver of Williams’s vehicle backed it toward defendant, prompting him to fire in that direction. The bullets hit and fatally wounded Unishun Mollette, a female passenger in the vehicle.
At the close of evidence at the ensuing jury trial, County Court, among other things, dismissed 10 counts from the original indictment, including all those associated with the alleged shooting at the passing vehicle in June 2003. However, the jury ultimately convicted defendant of five counts related to the Mollette shooting, including manslaughter in the second degree, attempted assault in the first degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. The jury also found defendant guilty of assault in the second degree and criminal possession of a weapon in the third degree based on his shooting of Holmes. Thereafter, County Court sentenced defendant as a persistent felony offender to an aggregate prison term of 50 years to life. Defendant now appeals.
Initially, defendant contends that his convictions of manslaughter in the second degree and attempted assault in the first degree are not supported by legally sufficient evidence and that all of the convictions are against the weight of the evidence. Given that defendant failed to preserve his challenge to *949 the sufficiency of the evidence by making a particularized motion to dismiss at trial identifying the alleged deficiencies in the evidence (see People v Balram, 47 AD3d 1014, 1015 [2008], lv denied 10 NY3d 859 [2008]), we need address only his contention that the convictions are against the weight of the evidence. In that regard, considering that a different verdict would arguably not have been unreasonable, this Court must “weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony” (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citations omitted]) and determine “whether the jury was justified in finding the defendant guilty beyond a reasonable doubt” (People v Gayle, 53 AD3d 857, 858 [2008] [internal quotation marks and citations omitted]). However, it is the factfinder’s function to evaluate the credibility of witnesses and, upon appellate review, such determinations should be accorded great deference (see People v Bleakley, 69 NY2d at 495; People v Holland, 279 AD2d 645, 646 [2001], lv denied 96 NY2d 801 [2001]).
Here, defendant essentially contends that the jury improperly credited the testimony against him inasmuch as he claims that many of the witnesses were incredible and had ample motive to lie due to their extensive criminal histories, and because much of the testimony was inconsistent with the physical evidence. However, with respect to the Holmes shooting, Holmes himself identified defendant as the shooter, as did Holmes’s companion at the time of the shooting, and two other individuals testified that defendant admitted to them that he shot Holmes. With respect to the Mollette shooting, at least four eyewitnesses testified consistently that they saw defendant shooting at Williams and his vehicle. The physical evidence also implicated defendant in that 9 millimeter shell casings were found at the crime scenes and three witnesses testified that defendant routinely carried a weapon of that caliber. Contrary to defendant’s suggestion, the fact that certain of these witnesses had criminal histories, were incarcerated or seeking leniency does not render their testimony incredible as a matter of law but, rather, raises an issue of credibility for the factfinder to resolve (see People v Brown, 46 AD3d 949, 951 [2007], lv denied 10 NY3d 808 [2008]; People v Doherty, 37 AD3d 859, 860 [2007], lv denied 9 NY3d 843 [2007]). Moreover, the only evidence in defendant’s favor was his own testimony that he was innocent, his claim that another individual shot at Williams during the incident in which Mollette was killed, and the testimony of one witness who provided a physical description of the shooter in the Mollette incident that did not match defendant. Thus, viewing the evidence in a neutral light *950 and according the appropriate deference to the jury’s credibility determinations (see People v Barringer, 54 AD3d 442, 443 [2008]), it cannot be said that the verdict was against the weight of the evidence.
Next, defendant’s challenge to County Court’s Molineux ruling is unavailing. The evidence of defendant’s multiple drug sales was properly admitted to demonstrate defendant’s motive for the shootings (see People v Abdullah, 28 AD3d 940, 942 [2006], lvs denied 7 NY3d 784 [2006]; see also People v Patten, 43 AD3d 964, 964-965 [2007], lv denied 9 NY3d 1008 [2007]). Evidence that he possessed a handgun similar to the one allegedly used in the charged crimes was likewise admissible to establish defendant’s identity (see People v Rivera, 281 AD2d 702, 703 [2001], lv denied 96 NY2d 805 [2001]; see also People v Brown, 266 AD2d 863, 863 [1999], lv denied 94 NY2d 860 [1999]).
Inasmuch as defendant’s pro se contention that his pretrial counsel was ineffective raises issues that are outside the record, such claims are more properly the subject of a CPL article 440 motion (see People v Feliz, 51 AD3d 1278, 1279 [2008]). Although he further contends that his trial counsel was also ineffective, the record demonstrates that, among other things, counsel made the appropriate motions, effectively cross-examined witnesses, made appropriate objections and obtained a dismissal of many of the charges against defendant (see People v Ramos, 48 AD3d 984, 987 [2008], lv denied 10 NY3d 938 [2008]).
We do not find that the sentence imposed was harsh and excessive. Considering defendant’s lengthy criminal history and the seriousness of the crimes for which he was convicted (see People v Booker, 53 AD3d 697, 704 [2008]), we find neither an abuse of discretion nor extraordinary circumstances warranting a modification of the sentence in the interest of justice (see People v Barringer, 54 AD3d 442, 444 [2008]; People v Booker, 53 AD3d at 704 [2008]). Defendant’s challenge to the persistent felony offender statute is unavailing inasmuch as the Court of Appeals has definitively upheld the constitutionality of that statute (see People v Rivera, 5 NY3d 61, 63 [2005], cert denied 546 US 984 [2005]; see also Penal Law § 70.10; CPL 400.20).
Finally, defendant’s contention that County Court erred in giving an interested witness instruction to the jury with respect to his testimony is unpreserved for this Court’s review (see People v Jean-Baptiste, 37 AD3d 852, 853 [2007], lv denied 9 NY3d 845 [2007]). We have reviewed his pro se claim that the People improperly presented witness testimony that it knew to be false (see Thomas v Kuhlman, 255 F Supp 2d 99 [ED NY 2003]) and find it to be without merit.
*951 Cardona, EJ., Spain, Carpinello and Stein, JJ., concur. Ordered that the judgment is affirmed.