■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES P. MYLES JR. and STEPHANIE M. MYLES, Appellants. [870 NYS2d 598]—

Rose, J. Appeals from two judgments of the County Court of Schoharie County (Bartlett III, J.), rendered February 1, 2007, upon a verdict convicting defendants of the crimes of falsifying business records in the first degree, petit larceny, theft of services and criminal tampering in the second degree.

While investigating an unrelated voltage problem, an employee of an electric power company opened the company's meter box at defendants' home and discovered the presence of jumper cables that diverted some of the electricity around the meter. After confirming that the cables were not authorized and defendants denied knowledge of them, the company referred the matter to the police. As a result of the police investigation, defendants were charged with falsifying business records in the first degree, theft of services, criminal tampering in the second degree and petit larceny. At the jury trial, the employee who had discovered the jumper cables testified that the electric current supplied to defendants' home was supposed to be measured and recorded by the meter, but the presence of the jumper cables caused 10% of the current to bypass the meter. He also explained how the company electronically retrieved the meter's readings and used them in calculating customer bills. Although defendants each testified that they had no knowledge of the jumper cables, the jury ultimately found them both guilty as charged. They both appeal, and the People now concede that the evidence presented at trial was legally insufficient to prove the charges against defendant Stephanie M. Myles. Accordingly, her convictions must be reversed and the indictment dismissed as to her.

Defendant Charles P. Myles Jr. (hereinafter defendant) primarily argues that the evidence fails to establish that he caused the electric meter at his home to be bypassed. Viewing the evidence in a light most favorable to the People, however, we find that there is a valid line of reasoning and permissible inferences from which the jury could rationally conclude that defendant placed the jumper cables (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Stephens*, 31 AD3d 890, 891 [2006], *lv denied* 7 NY3d 870 [2006]). There was evidence that the electric

meter had been altered by the placement of jumper cables, and that defendant had the skills, tools, materials, opportunity and motive to open the meter box without disturbing its seal and place the cables within, making the meter appear as though it had not been altered. There was also undisputed evidence that the jumper cables allowed defendant to use 10% of the electricity without it being recorded by the meter. From this evidence and the fact that "property" is defined as including electricity (*see* Penal Law § 155.00 [1]), the jury could readily infer that defendant tampered with the electric meter and took property to which he was not entitled with the requisite intent (*see People v Russell*, 41 AD3d 1094, 1096 [2007], *lv denied* 10 NY3d 964 [2008]; *People v Miller*, 23 AD3d 699, 700-701 [2005], *lv denied* 6 NY3d 815 [2006]).

As for the charge of criminal tampering in the second degree, defendant argues that the People failed to prove that placement of the jumper cables was without the consent of the power company. Criminal tampering in the second degree is defined as "when, having no right to do so nor any reasonable ground to believe that he [or she] has such right, he or she tampers or makes connection with property of a[n] . . . electric . . . corporation" (Penal Law § 145.15). Here, a security investigator for the company testified that the jumper cables did not belong in the meter box and that he turned over the investigation of the matter to the police. In our view there was sufficient evidence of this element because it can be inferred from this testimony that defendant had no right to tamper with the company's equipment.

As for the charge of falsifying business records in the first degree, defendant contends that there was no proof of the element of making or causing a false entry in a business record (*see* Penal Law § 175.05 [1]; § 175.10) because the evidence at trial included neither electric bills showing that an inaccurate meter reading affected the amount owed nor testimony to that effect by a company employee who was knowledgeable about such bills. We, however, do not read the statute so narrowly. Business records are defined as "any writing or article, including computer data or a computer program, kept or maintained by an enterprise for the purpose of evidencing or reflecting its condition or activity" (Penal Law § 175.00 [2]). The evidence at trial showed that the meter itself recorded the amount of electricity used and that the presence of the jumper cables caused it to record 10% less electricity than actually consumed. Thus, the meter itself contained the business record at issue here, satisfying that element of the crime of falsifying business records in the first degree.

We also disagree with defendant's contention that application of the presumptions contained in the statute defining the crime of theft of services violated his due process rights. As charged here, theft of services means tampering with a meter that measures a service which is provided for a charge where such tampering occurs without the consent of the supplier of the service and with the intent to avoid payment (*see* Penal Law § 165.15 [6]). Once it is found that a meter has been tampered with without the consent of the service provider, the statute permits the jury to draw two presumptions. They are that the person receiving the service did the tampering (*see People v San Roc Rest.*, 117 AD2d 760, 761 [1986], *lv denied* 67 NY2d 1056 [1986]), and that his or her intent was to avoid payment for that service (*see Pandolfo v U.A. Cable Sys. of Watertown*, 171 AD2d 1013, 1013 [1991]). These presumptions are not unconstitutional, for they are analogous to the inference of guilt attaching to the possession of stolen goods (*see Eff-Ess, Inc. v New York Edison Co.*, 237 App Div 315, 317-318 [1932]), and there is a rational relationship between the proven fact that a person received the service in question and the inferred fact that he or she caused the diversion to avoid payment (*see People v Neiss*, 73 AD2d 938, 940-941 [1980]; *People v Robinson*, 97 Misc 2d 47, 59 [1978]; *People v McLaughlin*, 93 Misc 2d 980, 988 [1978]; *see also People v Thomas*, 107 Misc 2d 325, 326 [App Term, 1st Dept 1980], *appeal dismissed* 54 NY2d 789 [1981]). Here, defendant cites no unique circumstance that would break the obvious connection between his use of the electricity and the inference that he intentionally caused the diversion. Further, viewing the foregoing evidence in a neutral light and according appropriate deference to the jury's assessment of witness credibility and demeanor (*see e.g. People v Barringer*, 54 AD3d 442, 443 [2008], *lv denied* 11 NY3d 830 [2008]), we conclude that the verdict against defendant is not against the weight of the evidence.

We have reviewed defendant's remaining contentions and find them to be without merit.

Cardona, P.J., Spain, Kavanagh and Stein, JJ., concur. Ordered that the judgment as to defendant Stephanie M. Myles is reversed, on the law, and indictment dismissed against her. Ordered that the judgment as to defendant Charles P. Myles Jr. is affirmed.