■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN ROBERTS, Appellant. [881 NYS2d 520]—

Garry, J. Appeal from a judgment of the County Court of Schenectady County (Clark, J.), rendered September 5, 2008, convicting defendant following a nonjury trial of the crime of criminal possession of a weapon in the third degree.

In December 2007, defendant allegedly engaged in a physical altercation with an acquaintance at an apartment building in the City of Schenectady, Schenectady County. A building resident called 911 and reported that two men were fighting, one of whom was using brass knuckles. Two police officers responded to the call. Upon their arrival, they allegedly saw defendant leaving the building's porch, where the other man was "slumped over" and bleeding from the mouth. Defendant allegedly crossed

the street with his hands in his pockets. The officers testified that they ordered him to remove his hands from his pockets and that, when he did so, he was holding a set of what they believed to be brass knuckles.

Defendant was subsequently indicted on one count of criminal possession of a weapon in the third degree. He waived his right to a jury trial, and the matter was tried before County Court, where defendant was found guilty as charged and sentenced to a prison term of 2 to 4 years. Defendant appeals.

Defendant contends that he received ineffective assistance from the attorney who represented him at his arraignment.* To convict defendant of criminal possession of a weapon in the third degree, the People were required to establish that he possessed a proscribed weapon—in this case, metal knuckles—and that he had previously been convicted of a crime (see Penal Law § 265.01 [1]; § 265.02 [1]). In the course of the arraignment, his attorney permitted him, without objection, to answer County Court's requests for his name, date of birth, and Social Security number. At trial, the People introduced a transcript of these responses as part of their proof of the second element of the crime. The transcript was used to show that defendant was the same person named in a certificate of disposition describing a conviction for criminal sale of a controlled substance in the fifth degree. Defendant contends that his attorney's failure to object to County Court's questions constituted ineffective assistance because defendant was allowed to incriminate himself by providing information that was later used to establish an element of the charged offense.

An attorney's conduct will only rise to the level of ineffective assistance when the attorney's errors cannot be considered a legitimate strategic choice and are such that, under the totality of the circumstances, the attorney failed to provide meaningful representation (see People v Stultz, 2 NY3d 277, 279 [2004]; People v Baldi, 54 NY2d 137, 146-147 [1981]). To establish a claim of ineffective assistance, a defendant must show not only that errors were committed by counsel, but that the defendant was actually prejudiced by those errors (see People v Thomson, 46 AD3d 939, 940 [2007], lv denied 9 NY3d 1039 [2008]; People v Frascatore, 200 AD2d 860, 861 [1994]). Here, no prejudice has been shown. Defendant's prior conviction was fully established at trial by other evidence, including his own unequivocal admis-

---

* Defendant was represented at arraignment by an attorney assigned by the Public Defender's office. That office subsequently asked to be relieved from the representation because of a conflict of interest. Different attorneys represented defendant at trial and on appeal.

sion during cross-examination that he had previously been convicted of a class D felony.

Further, defendant has not established that his attorney committed an error. The information requested during the arraignment was not inherently self-inculpatory. Defendant's pedigree information was obtained by County Court for routine administrative purposes and not as part of "a disguised attempt at investigatory interrogation" (*People v Rodney*, 85 NY2d 289, 294 [1995]). Defendant's privilege against self-incrimination was not implicated and no notice under CPL 710.30 was required (*see id.* at 293; *People v Berkowitz*, 50 NY2d 333, 338 n 1 [1980]). The attorney's decision to permit defendant to provide identifying information under these circumstances did not deprive him of meaningful representation.

Next, defendant contends that his conviction was based on legally insufficient evidence and was not supported by the weight of the evidence. As a preliminary matter, his motion for a trial order of dismissal at the close of the People's case adequately alleged "specific deficiencies" in the evidence to preserve his sufficiency argument for review (*People v Hilliard*, 49 AD3d 910, 912 [2008], *lv denied* 10 NY3d 959 [2008]; *see People v Balram*, 47 AD3d 1014, 1015 [2008], *lv denied* 10 NY3d 859 [2008]; *People v Carter*, 40 AD3d 1310, 1311 [2007], *lv denied* 9 NY3d 873 [2007]). Turning to the merits of defendant's argument, viewed in a light favorable to the People, the evidence was legally sufficient to permit a rational factfinder to conclude that the elements of the charged offense were proven beyond a reasonable doubt (*see People v Cabey*, 85 NY2d 417, 421 [1995]). Two officers and four other eyewitnesses testified that they saw defendant holding metal knuckles or wearing them on his hand, and the certificate of disposition introduced by the People indicated that defendant had previously been convicted of a crime. This evidence was legally sufficient to establish both elements of the crime of criminal possession of a weapon in the third degree.

Further, viewing the evidence in a neutral light and according appropriate deference to County Court's assessments of witness credibility and demeanor, the verdict against defendant is not against the weight of the evidence (*see People v Myles*, 58 AD3d 889, 892 [2009]; *People v Barringer*, 54 AD3d 442, 443 [2008], *lv denied* 11 NY3d 830 [2008]). All of the witnesses testified that they saw defendant either holding metal knuckles or using them as he fought with the other man. Although defendant testified that the object found in his possession was a belt buckle, no witness saw it attached to his belt. Although some details in the

testimony were inconsistent, County Court was entitled to credit the witness testimony in concluding that defendant possessed metal knuckles (*see People v Barringer*, 54 AD3d at 443-444). As to the second element of the offense, in addition to the People's evidence, defendant admitted that he had been previously convicted of a crime. Therefore, his conviction was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Mercure, J.P., Rose, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.